**Michael LULEFF, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 73125.**

Supreme Court of Missouri,
En Banc.

April 9, 1991.

Lew Kollias, Raymond L. Legg, Columbia, for appellant.

William L. Webster, Atty. Gen., Andrea K. Spillars, Asst. Atty. Gen., Jefferson City, for respondent.

COVINGTON, Judge.

Michael Luleff appeals the denial of his *Rule 29.15* motion for postconviction relief without an evidentiary hearing. Movant filed a *pro se* motion for postconviction relief on June 28, 1988. On the same day the court granted leave to file *in forma pauperis* and appointed "the public defender" to represent movant. On October 17, 1988, the state filed a motion to dismiss. On August 15, 1989, the motion court denied the motion for postconviction relief. While recognizing the legal propriety of the denial under *Rule 29.15(d)*, the court of appeals, finding failure by movant's appointed counsel to comply with the mandatory requirements of *Rule 29.15(e)*, reversed and remanded for appointment of new counsel. This Court granted transfer because of the importance of the question presented. The cause is reversed and remanded.

■ Appellate review of the trial court's action on a motion for postconviction relief is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. *Rule 29.15(j)*. It is undisputed that Luleff's *pro se* motion failed to comply with the requirements of *Rule 29.15(d)*. A motion to vacate sentence must state facts, not conclusions, which, if true, would entitle movant to relief. *Balow v. State*, 796 S.W.2d 643, 645 (Mo.App.1990). Two of Luleff's three grounds failed to comply with the requirements. The third ground implicated a matter generally reserved for direct appeal. The motion court's order not inappropriately denied relief under subsection (d) of *Rule 29.15*.

Movant invokes *Rule 29.15(e)* as the basis for his claim. *Rule 29.15(e)* requires the motion court to appoint counsel when an indigent movant files a *pro se* motion for postconviction relief. *Rule 29.15(e)* makes specific requirements of counsel:

> Counsel shall ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him.... If the motion does not assert sufficient facts or include all grounds known to movant, counsel shall file an amended motion that sufficiently alleges the additional facts and grounds.

Movant claims that the motion court's denial was clearly erroneous because of motion counsel's apparent failure to act on his behalf. Movant acknowledges this Court's decision in *Sloan v. State*, 779 S.W.2d 580, 583 (Mo. banc 1989), *cert. denied*, — U.S. —, 110 S.Ct. 1537, 108 L.Ed.2d 776 (1989), which prohibits review of claims regarding ineffective assistance of postconviction counsel in a postconviction proceeding. He contends, however, that where counsel "never acted" in furtherance of the movant's petition, the appropriate remedy is a remand for appointment of new counsel who will provide the "minimal level of assistance contemplated by the postconviction rules." This issue recurs in the appellate courts. *See, e.g.*, *State v. Berry*, 798 S.W.2d 491 (Mo.App.

1990); *Webster v. State*, 796 S.W.2d 79 (Mo.App.1990).

The state does not disagree with movant's point and urges that the question of apparent "abandonment" of postconviction counsel be addressed in the *Rule 29.15* proceeding. In *Kilgore v. State*, 791 S.W.2d 393, 396 (Mo. banc 1990), this Court suggested that in the limited situations in which *Rule 29.15* might fail to provide an adequate remedy as a result of an ambiguity in the rule and abandonment by appointed counsel, a state habeas corpus proceeding might lie. Acknowledging the intimation of *Kilgore*, the State of Missouri nevertheless contends that state habeas corpus is not the appropriate forum in which to address claims regarding postconviction counsel. In support of its position, the state observes: the more expeditious and convenient adjudication of claims regarding postconviction counsel is available in the circuit court where the judgment of conviction and sentence was entered; litigation under the procedural guidelines of the postconviction rules avoids the problems surrounding litigation of stale claims; unlike the rules governing habeas corpus, *Rules 29.15* and *24.035* set forth the burden of proof and permit an appeal by either party.

■ The state's arguments are persuasive. If presented with an opportunity to address claims regarding postconviction counsel, the motion court could appoint new counsel, if necessary, at that time. Should the motion court conclude there is no basis for the movant's claim, a finding to that effect would alleviate the need for appellate courts to speculate as to what occurred in the circuit court. This Court holds that the appropriate forum for addressing claims regarding a complete absence of performance by postconviction counsel on a motion for postconviction relief is in the circuit court where the motion is being prosecuted by movant.

The question then becomes one of determining whether appointed counsel complied with the provisions of *Rule 29.15(e)*. Underlying the limitation of the scope of review contained in subsection (j) of *Rule*

*29.15* is the assumption that the motion court and appointed counsel will comply with all provisions of the rule. Absent some performance by appointed counsel, the motion court cannot determine whether the *pro se* pleading can be made legally sufficient by amendment or whether there are other grounds for relief known to movant but not included in the *pro se* motion.

A record that does not indicate whether appointed counsel made the determinations required by *Rule 29.15(e)* creates a presumption that counsel failed to comply with the rule. Where counsel determines that filing an amended motion is not warranted, counsel should make that determination a part of the record. At such time as the motion court may proceed to rule a postconviction motion and there is no record of any activity by counsel on movant's behalf, the motion court shall make inquiry, *sua sponte*, regarding the performances of both movant and counsel. If counsel's apparent inattention results from movant's negligence or intentional failure to act, movant is entitled to no relief other than that which may be afforded upon the *pro se* motion. If the court determines, on the other hand, that counsel has failed to act on behalf of the movant, the court shall appoint new counsel,[1] allowing time to amend the *pro se* motion, if necessary, as permitted under *Rule 29.15(f)*.

It remains to address the facts of record supporting the claim presented by the movant in this case. On the day movant filed his motion for postconviction relief, June 28, 1988, the circuit court appointed a public defender to represent movant. It appears from the record that counsel was notified of the appointment on July 1, 1988. The record reflects absence of any activity whatsoever by appointed counsel on movant's behalf at any time during the proceedings. There is no entry of appearance. There is no indication of counsel's ever having communicated with movant. There is no amended motion. Of record there is absolutely nothing to show other than a complete failure to comply with the requirements of *Rule 29.15(e)*.

The cause is remanded to the motion court for its determination of whether appointed counsel acted to ascertain whether sufficient facts are asserted in the *pro se* motion and whether the movant included all grounds known to him. The motion court shall make findings on this point. If the court finds that appointed counsel has not performed as required by *Rule 29.-15(e)*, and the lack of performance is not the result of movant's action or inaction, the court shall appoint new counsel allowing time, if necessary, to amend the *pro se* motion as permitted under *Rule 29.15(f)*, and the cause shall proceed anew according to the provisions of the rule. .

BLACKMAR, C.J., ROBERTSON, RENDLEN, HIGGINS and HOLSTEIN, JJ., and ULRICH, Special Judge, concur.

BILLINGS, J., not sitting.

---

**1.** The court may deem it appropriate to refer counsel to the Advisory Committee for investi-gation and possible imposition of discipline.