James Calvin VINSON,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 17018.

Missouri Court of Appeals,
Southern District,
Division One.

April 18, 1991.

William J. Swift, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Joan F. Gummels, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Following jury trial appellant was convicted of two counts of stealing and sentenced to ten years' imprisonment on each count with the sentences to be served concurrently. Appellant then filed this action, a Rule 29.15 motion. Pursuant to that motion the trial court vacated the second count for stealing on the basis of double jeopardy.

The remainder of the Rule 29.15 motion was denied without an evidentiary hearing. Appellant appealed his conviction under Count I and the denial of the balance of his Rule 29.15 motion. Those appeals were consolidated here. Rule 29.15(*l*).

On February 28, 1991, this court filed an opinion affirming the appeal from the crim-inal conviction and the appeal of the judgment on the Rule 29.15 motion. Thereafter, appellant filed a motion for rehearing or transfer which this court denied on March 13, 1991. He then filed a motion for transfer with the Supreme Court of Missouri. On April 10, 1991, that court sustained appellant's application to transfer, ordered the cases transferred to it, and then retransferred them here "for reexamination in light of *Michael Luleff v. State of Missouri*, No. 73125, [807 S.W.2d 495] (Banc April, [9] 1991) and *Clennell Sanders v. State of Missouri*, No. 72965 (Banc April, [9] 1991)."

This appeal was affirmed here on the basis that the only point raised was not presented to the trial court by a timely Rule 29.15 motion. It was raised by an amended motion filed outside the time allowed by (b) and (f) of the rule.

In view of *Luleff* and *Sanders*, particularly *Sanders*, that disposition is questionable. *Sanders* remanded to the trial court concluding "[i]f the court determines that the untimeliness of the amended motion resulted exclusively from counsel's action or inaction, the court shall consider the amended motion as having been timely filed and proceed according to the provisions of the rule." *Sanders*, slip op. at 5.

The cause is reversed and remanded to the trial court for the findings and proceedings set forth in *Sanders v. State, supra.*[1]

MAUS, P.J., and CROW, J., concur.

1. The reversal and remand is limited to this action, a motion under Rule 29.15. The appeal from the conviction, pursuant to Rule 29.15(*l*) is "suspended until final determination of the issues raised by the [Rule 29.15] motion."