**Sonnie Koran JOHNSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 17307.**

Missouri Court of Appeals, Southern District, Division One.

Sept. 9, 1991.

---

Lew Kollias, Columbia, for appellant.

William L. Webster, Atty. Gen., Joan F. Edwards, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

Appellant was charged with the class C felony of forgery, § 570.090, RSMo 1986. He pled guilty and received a three-year prison sentence.

Thereafter, he filed a *pro se* motion per Rule 24.035, Missouri Rules of Criminal Procedure (20th ed. 1989), to vacate the conviction. The circuit court found appellant indigent and promptly appointed a lawyer ("motion counsel") for him. Motion counsel requested, and received, an extension of time to file an amended motion to vacate.

Motion counsel filed no amended motion within the time allowed. The circuit court ultimately issued findings of fact and con-

clusions of law addressing the issues in the *pro se* motion, and entered judgment denying relief without an evidentiary hearing.

Appellant brings this appeal from that judgment. His sole point relied on avers that under Rule 24.035(e), it was motion counsel's duty to ascertain whether sufficient facts supporting the grounds for relief were pled in the *pro se* motion and whether such motion included all grounds known to appellant for attacking his conviction. Appellant maintains the circuit court erred in failing to hold a hearing to determine whether motion counsel's failure to file an amended motion was due to the counsel's malfeasance or that of appellant.

Appellant bases his assignment of error on *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991). *Luleff* involved Rule 29.15(e), which is identical to Rule 24.035(e). The rationale of *Luleff* is applicable to the latter rule. *Bass v. State*, 808 S.W.2d 416, 417 (Mo.App.1991).

Addressing the duties of a prisoner's lawyer in a postconviction proceeding, *Luleff* states:

"A record that does not indicate whether appointed counsel made the determinations required by *Rule 29.15(e)* creates a presumption that counsel failed to comply with the rule. Where counsel determines that filing an amended motion is not warranted, counsel should make that determination a part of the record. At such time as the motion court may proceed to rule a postconviction motion and there is no record of any activity by counsel on movant's behalf, the motion court shall make inquiry, *sua sponte*, regarding the performances of both movant and counsel. If counsel's apparent inattention results from movant's negligence or intentional failure to act, movant is entitled to no relief other than that which may be afforded upon the *pro se* motion. If the court determines, on the other hand, that counsel has failed to act on behalf of the movant, the court shall appoint new counsel, allowing time to amend the *pro se* motion, if necessary, as permitted under *Rule 29.15(f)*. 807 S.W.2d at 498 (footnote omitted).

The record here does not satisfy these requirements. That is understandable, inasmuch as the circuit court's judgment denying relief was entered months before *Luleff*.

The State concedes *Luleff* requires us to reverse the judgment denying relief and remand the cause to the circuit court for a hearing to determine the issues spelled out in *Luleff*.

The judgment denying relief is reversed and the cause is remanded for the circuit court to determine whether motion counsel acted to ascertain whether the *pro se* motion pled sufficient facts supporting the grounds for relief and whether appellant included therein all grounds known to him for attacking his conviction. If the circuit court finds motion counsel did not perform as required by Rule 24.035(e), and the failure to perform did not result from appellant's negligence or intentional failure to act, the circuit court shall appoint new counsel, allowing time to amend the *pro se* motion, if necessary, as permitted under Rule 24.035(f), and the cause shall proceed anew according to Rule 24.035.

If the circuit court determines motion counsel fulfilled the requirements of Rule 24.035(e), the circuit court shall make written findings to that effect. The circuit court may include them in a new judgment adjudicating the issues in appellant's *pro se* motion.

If the new judgment is again adverse to appellant, he may appeal anew.

PREWITT, P.J., and PARRISH, J., concur.