STATE of Missouri, Respondent,

v.

Ronald G. BOYD, Appellant.

Ronald G. BOYD, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 17321, 17178.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 30, 1991.

J. Gregory Mermelstein, Columbia, for appellant.

William L. Webster, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Judge.

Appellant (movant in the trial court[1]) was convicted, following a jury trial, of burglary in the second degree and stealing. §§ 569.170[2] and 570.030. He was found to be a prior and persistent offender, § 558.-016, and was sentenced to ten years confinement on each charge with the sentences to be served consecutively. Thereafter, movant filed a motion for post-conviction relief pursuant to Rule 29.15. Following evidentiary hearing the trial court denied that motion. Movant appeals his criminal convictions and the order denying his Rule 29.15 motion. This court reverses and remands the Rule 29.15 motion with instructions and orders the appeal of the criminal convictions suspended.

A public defender was appointed to represent movant in the Rule 29.15 proceeding. An amended motion was filed; however, it was signed only by movant's appointed counsel. Movant's attorney requested that the trial court allow movant to verify the amended motion at the time of the evidentiary hearing. The request was refused.

■ One of the issues movant presents on appeal is that his post-conviction counsel was inadequate by failing to timely file a properly verified amended Rule 29.15 motion. As the trial court correctly found, the amended motion, being unverified, presented nothing for that court to review. *See Baker v. State*, 796 S.W.2d 426, 427 (Mo.App.1990). Thus, no amended Rule 29.15 motion was before the trial court. The result is the same as if movant's counsel had filed nothing with the motion court, as in *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991). The court, in *Luleff*, determined that the movant in that case had been abandoned by his post-conviction

counsel in that his counsel did not make the determinations required by Rule 29.15(e) regarding whether the filing of an amended motion was warranted. The court stated in *Luleff*, at l.c. 498:

> A record that does not indicate whether appointed counsel made the determinations required by *Rule 29.15(e)* creates a presumption that counsel failed to comply with the rule. Where counsel determines that filing an amended motion is not warranted, counsel should make that determination a part of the record. At such time as the motion court may proceed to rule a postconviction motion and there is no record of any activity by counsel on movant's behalf, the motion court shall make inquiry, *sua sponte*, regarding the performances of both movant and counsel. If counsel's apparent inattention results from movant's negligence or intentional failure to act, movant is entitled to no relief other than that which may be afforded upon the *pro se* motion. If the court determines, on the other hand, that counsel has failed to act on behalf of the movant, the court shall appoint new counsel, allowing time to amend the *pro se* motion, if necessary, as permitted under *Rule 29.15(f)*. [Footnote omitted.]

■ The record in this case does not indicate whether movant's appointed counsel made the determinations required by Rule 29.15(e). In accordance with the principle announced in *Luleff*, a presumption exists that movant's appointed counsel failed to comply with the requirements of that rule. This requires that the order denying post-conviction relief be reversed and remanded for additional findings by the trial court. Movant's direct appeal from the underlying criminal convictions shall remain suspended and its submission for determination is withdrawn until final determination is made of the issues raised by the Rule 29.15 motion. Rule 29.15(*l*).

The order denying movant's Rule 29.15 motion is reversed and the case remanded.

---

1. Appellant will be referred to in this opinion as "movant," his designation before the trial court.

2. References to statutes are to RSMo 1986.

The trial court is directed to determine whether movant's appointed counsel met the requirements of Rule 29.15(e). If the trial court finds that the requirements of Rule 29.15(e) were not met and that such failure was not caused by movant's action or inaction, new counsel should be appointed and, if necessary, allowed time in which to amend the motion and, thereafter, the case shall proceed according to the directives of Rule 29.15.

PREWITT, P.J., and CROW, J., concur.