**James D. MYERS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. 17538.**

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 3, 1991.

Emmett D. Queener, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

SHRUM, Presiding Judge.

Movant James D. Myers entered a guilty plea to a charge of first degree murder in violation of § 565.020, RSMo 1986, and was sentenced to 20 years' imprisonment. Thereafter, the movant filed a pro se Rule 24.035 motion to vacate the conviction.

The motion court appointed counsel for the movant as required by Rule 24.035. Although appointed counsel moved twice for an extension of time, the attorney filed no amended motion as authorized by Rule 24.035(e). Ultimately, the court denied the movant's request for hearing and dismissed his Rule 24.035 motion. The movant appeals.

By his single point, the movant states that the motion court erred in denying his postconviction motion without an evidentiary hearing because his motion counsel abandoned him by failing to file an amended Rule 24.035 motion.

The state, citing *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991), concedes that this court should remand the movant's postconviction case for a hearing to determine whether counsel's decision not to file an amended Rule 24.035 motion resulted from counsel's determination that the filing of an amended motion was not warranted or resulted from either counsel's or appellant's failure to act.

In *Luleff*, the court stated:

A record that does not indicate whether appointed counsel made the determina-
tions required by *Rule 29.15(e)* creates a presumption that counsel failed to comply with the rule. Where counsel determines that filing an amended motion is not warranted, counsel should make that determination a part of the record. At such time as the motion court may proceed to rule a postconviction motion and there is no record of any activity by counsel on movant's behalf, the motion court shall make inquiry, *sua sponte*, regarding the performances of both movant and counsel. If counsel's apparent inattention results from movant's negligence or intentional failure to act, movant is entitled to no relief other than that which may be afforded upon the *pro se* motion. If the court determines, on the other hand, that counsel has failed to act on behalf of the movant, the court shall appoint new counsel, allowing time to amend the *pro se* motion, if necessary, as permitted under *Rule 29.15(f)*.

807 S.W.2d at 498 (footnote omitted). *See also Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991).

*Luleff* and *Sanders* involved Rule 29.-15(e) which is identical to Rule 24.035(e). Thus the rationale of *Luleff* and *Sanders* is applicable to the case before us. *Rios v. State*, 813 S.W.2d 366, 367 (Mo.App.1991).

The judgment is reversed and the cause remanded for the motion court to determine whether appointed counsel performed as required by Rule 24.035. If the court finds that counsel did not so perform, and the lack of performance was not the result of movant's action or inaction, the court shall appoint new counsel, allowing time, if necessary, to amend the motion as permitted under the rule and the cause shall proceed according to the rule.

MAUS and MONTGOMERY, JJ., concur.