Howard **WHITEHEAD**, Movant,

v.

**STATE** of Missouri, Respondent.

No. 58761.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 10, 1991.

---

6. See *State v. Tipton*, footnote 5, *supra*.

William J. Swift, St. Louis, for movant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Movant seeks post conviction relief under Rule 24.035 from an eight year sentence imposed after movant pled guilty to the charge of stealing, a class C felony, § 570.-040 RSMo 1986. Movant alleges two claims of error.

■ Movant alleges the court erred in overruling his motion because the record does not refute his allegation that plea counsel was ineffective for failure to investigate and discover dispatcher's tapes which contain evidence of movant's innocence. This claim fails for two reasons. First, in his pro se motion movant alleges plea counsel had the dispatcher's tapes in her possession. Second, during his plea

hearing the court asked movant: "Did your attorney do the things you asked her to do prior to your entering your plea of guilty?" Movant answered: "Yes." Movant cannot now be heard to claim plea counsel failed to investigate a possible defense relating to facts known to movant at the plea hearing. *Cramlett v. State*, 800 S.W.2d 813, 813–14 (Mo.App.1990).

■ Movant's remaining claim is plea counsel was ineffective for allowing a plea to a stealing charge enhanced to a felony by the provisions of § 570.040.1 RSMo 1986 and further enhanced by allegations of prior offender. The state's position is this issue was procedurally waived because it was raised for the first time in an unverified amended Rule 24.035 motion. The original order opinion of this court, issued on March 26, 1991, accepted that view. Our Supreme Court granted transfer and retransferred to this court for re-examination in light of *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991).

*Luleff* and *Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991) were both decided on April 9, 1991. The Supreme Court "altered course" from previous decisions which had firmly held failure of post conviction counsel to file a timely and legally sufficient motion was a complete bar to movant's claims not alleged in pro se motions. The Supreme Court remanded *Luleff* and *Sanders* to the motion court to determine whether these Rule 29.15 movants were denied a meaningful review of their convictions due to "abandonment" of counsel because no amended motions were filed or if filed, were filed too late.

■ We consider the failure of post conviction counsel to verify a timely filed amended motion. Verification is jurisdictional, not merely procedural. *Kilgore v. State*, 791 S.W.2d 393, 395 (Mo. banc 1990). If this failure of post conviction counsel is in the nature of "abandonment" then movant may be entitled to proceed. *State v. White*, 813 S.W.2d 862 (Mo. banc 1991) (No. 71600, decided July 23, 1991). We remand

to the trial court for further proceedings in accord with *Luleff, Sanders* and *White.*

Remanded.

PUDLOWSKI, P.J., and GRIMM, J., concur.