**Ronald SPRADLING, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 17559.

Missouri Court of Appeals,
Southern District,
Division Two.

March 9, 1992.

Barbara Hoppe, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Rudolph R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Chief Judge.

Movant Ronald Spradling appeals from a denial, without evidentiary hearing, of his Rule 24.035[1] motion, seeking to vacate a judgment and sentence on a plea of guilty to a four-count information charging assault in the first degree, kidnapping, and two offenses of armed criminal action. Movant was sentenced to 15 years' imprisonment on each count, to be served concurrently.

Movant's sole point is that the trial court erred in denying his motion without an evidentiary hearing, in that the proceedings in the motion court did not comply with Rule 24.035(e), in that counsel appointed for movant entered his appearance only and took no further action on behalf of

---

**1.** All references to rules are to Missouri Rules of Court, V.A.M.R.

movant, and the motion court did not conduct a hearing to determine whether movant was abandoned by counsel prior to dismissing the proceeding. The state, as respondent in this proceeding, states, with commendable candor, that it agrees with movant's contention.

Rule 24.035(e) reads:

When an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant. Counsel shall ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all grounds known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and grounds. For good cause shown, appointed counsel may be permitted to withdraw. If appointed counsel is permitted to withdraw, the court shall cause new counsel to be appointed.

On May 4, 1988, movant filed a timely Rule 24.035 motion.

The court entered an order "referring" the motion and proceeding to the public defender's office. The public defender appeared and was granted additional time in which to file an amended motion. Prior to the deadline for filing an amended motion, the public defender filed a "Notice of Conflict." The state filed a motion to dismiss. The state's brief, as respondent, accurately states: "Two additional attorneys assumed representation [of movant], but neither filed an amended motion. No record was made to show whether counsel complied with Rule 24.035(e)."

■ Where, as here, the record does not show whether appointed counsel made the determinations required by Rule 24.035(e), the presumption is that counsel failed to comply with the rule. Where counsel determines that filing an amended motion is not warranted, that determination should be made a part of the record. If there is no record of activity by counsel on movant's behalf, the motion court must make an inquiry regarding the performances of both movant and counsel. If the failure to file the amended motion is due to movant's negligence or intentional failure to act, movant is entitled to no relief other than that which the pro se motion may afford. If the court finds that the failure to file the amended motion is the fault of counsel, the court shall appoint new counsel and shall allow time to file an amended motion, if necessary, as permitted by Rule 24.035(f). *State v. White,* 813 S.W.2d 862, 864–865[1] (Mo.banc 1991); *State v. Bradley,* 811 S.W.2d 379, 385 (Mo.banc 1991); *Luleff v. State,* 807 S.W.2d 495 (Mo.banc 1991); *Sanders v. State,* 807 S.W.2d 493, 495 (Mo.banc 1991); *State v. Robertson,* 816 S.W.2d 952, 954 [3, 4] (Mo.App.1991); *Johnson v. State,* 814 S.W.2d 708 (Mo.App. 1991).

The order of May 23, 1990, is reversed and the cause remanded to the trial court for further proceedings consistent with this opinion. It is so ordered.

SHRUM, P.J., and MONTGOMERY, J., concur.

