STATE of Missouri, Respondent,

v.

Joseph L. LANASA, Appellant.

Joseph L. LANASA, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 54291, 58777.

Missouri Court of Appeals, Eastern District, Division Four.

March 31, 1992.

John A. Klosterman, St. Louis, for appellant.

William L. Webster, Atty. Gen., Joan F. Edwards, Asst. Atty. Gen., Jefferson City, for respondent.

SMITH, Presiding Judge.

Defendant appeals from his conviction of first degree murder and, upon the jury's inability to agree on punishment, the court imposed sentence of life imprisonment without eligibility for probation or parole. We affirm that conviction. Defendant also appeals from the denial of his post-conviction motion pursuant to Rule 29.15. The state concedes that pursuant to *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991) the cause must be remanded for determination of the reason for motion counsel's failure to file an amended motion. We remand the motion for that purpose.

No issue is raised about the sufficiency of the evidence to support the verdict. There was evidence that the victim, John DeMaria, had been physically abusive to his wife, Mary. Mary decided that she would hire someone to kill her husband. Negotiations through third parties concluded with the hiring of defendant to accomplish the killing. The victim was killed by three gunshot wounds inflicted in his home while his wife was, by predetermination, away *from the house*. She returned home, found the body, called the police, and while at the police station advised the police of her arrangements with the third parties to kill her husband.

■ Defendant's sole contention of error on the direct appeal concerns the court's action in allowing one Steve Morreale to testify. On the morning after the murder defendant came to the residence of Morreale to borrow money. During the course of the conversation defendant stated that he had killed a man the night before by shooting him twice in the head. Two of the wounds inflicted upon the victim were to the head. Morreale did not believe what the defendant told him until he read about the murder in the paper. He then contacted the police and gave them an oral statement concerning his conversation with defendant. He refused to give a written statement however. The police report containing the oral statement of Morreale was given to defense counsel at least a year before the trial and Morreale was listed as a witness for the prosecution.

When called before the grand jury Morreale invoked his Fifth Amendment right not to testify because it might incriminate him. Defendant sought to depose Morreale and he again invoked his constitutional right not to testify. Morreale was called as a witness at the trial and out of the hearing of the jury again refused to testify. The prosecution sought to have the court compel him to testify on the basis that nothing he would testify to could possibly incriminate him and that he had previously stated to police officers that the reason he would not testify was fear of personal injury to himself or his wife from defendant. The court refused to compel Morreale's testimony. Thereafter, the Prosecuting Attorney contacted Morreale's attorney and advised him that his office was giving serious consideration to charging Morreale with perjury because of his testimony that he was refusing to testify because it might tend to incriminate him when in fact his refusal was based upon his fear of defendant. Morreale's attorney advised Morreale that while he believed that such a charge could not be successfully prosecuted he could not guarantee a successful result and that the charge alone could have an adverse effect on Morreale's reputation

and possibly on employment. Morreale then decided that he would testify.

When Morreale was tendered as a witness the defense vehemently objected. An extended hearing and argument ensued outside the presence of the jury. The trial court ruled that Morreale would be permitted to testify but offered defendant an opportunity to depose him prior to his testimony. Defense counsel responded that he would not be able to follow up whatever he learned at the deposition inasmuch as the case was well into trial. The court expressed its willingness to consider any requests for further delay if defendant could demonstrate the need for further time to investigate matters revealed by the deposition. Defense counsel refused to depose the witness. The court treated this as a waiver of the right to take the deposition and permitted Morreale to testify. Defendant contends on appeal that the court's action in allowing the testimony denied him due process of law and confrontation of witnesses against him and violated his right to full and fair discovery under the Missouri rules.

When a witness who has asserted the privilege against self-incrimination in pretrial proceedings, including depositions, reverses his position and testifies freely for the state at trial, the trial judge has discretion in light of the particular circumstances to determine whether or not the testimony should be allowed. *State v. Wilkinson,* 606 S.W.2d 632 (Mo. banc 1980) [12]. In reviewing that determination an appellate court determines whether allowing the recalcitrant witness' testimony resulted in fundamental unfairness to the defendant. *State v. Grant,* 784 S.W.2d 831 (Mo.App. 1990) [8]. Fundamental unfairness is determined by whether there was a reasonable likelihood that had defendant's right to discovery not been abridged the result of the trial would have been different. *Id.* The basic object of the discovery process is to permit the defendant a decent opportunity to prepare in advance of trial and avoid surprise. *Id.* at [4–6].

Defendant was aware more than a year in advance of the trial that the state expected Morreale to testify. The defendant received the police report containing the essence of Morreale's testimony more than a year in advance. His testimony at trial closely paralleled his statements in the police report. Despite Morreale's previous refusal to testify the prosecution advised the court early in the trial that it intended to call Morreale and would ask the court to compel Morreale to testify. Defendant therefore was aware of the identity of the witness, the content of his testimony and that it was always the state's intention to call him as a witness. While Morreale's refusal to testify at the deposition prevented defendant from utilizing that means of discovery nothing prevented defendant from making such other investigation prior to trial as might be necessary to attack Morreale's credibility in the event he did testify, either voluntarily or upon order of the court.

The court, in authorizing Morreale to testify, also provided defendant an opportunity to depose him prior to that testimony and clearly indicated that it would consider granting additional time after the deposition to allow an opportunity for defendant to conduct such follow-up investigation as defendant could demonstrate was needed. Defendant did not point out to the trial court or to this court what additional investigation might have been warranted or what such investigation might have uncovered. Defense counsel did conduct a vigorous cross-examination of Morreale including questions concerning Morreale's use of drugs, to which the witness invoked his Fifth Amendment rights, and the threats made by the prosecutor to obtain Morreale's testimony. A reading of the record reflects the trial court's meticulous efforts to protect the rights of the defendant. On the record before us we are unable to conclude that the trial court's actions resulted in fundamental unfairness to the defendant.

Judgment of conviction affirmed. Postconviction motion remanded for further proceedings.

KAROHL and AHRENS, JJ., concur.