**Walter GLADNEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 18323.

Missouri Court of Appeals,
Southern District,
Division Two.

May 17, 1993.

Susan K. Eckles, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael J. Runzi, Asst. Atty. Gen., Jefferson City, for respondent.

GARRISON, Judge.

Appellant (Movant) pled guilty to first degree assault under § 565.050.[1] He then filed a pro se motion for postconviction relief pursuant to Rule 24.035[2] in which he alleged ineffective assistance of appointed trial counsel. In accordance with Rule 24.-035(e), the court then appointed counsel[3] to represent movant in connection with the motion proceedings. The court also extended the time to file an amended motion by an additional thirty days, the maximum amount authorized by Rule 24.035(f).

Because of the motion court's extension of time, the amended motion authorized by Rule 24.035 was due to be filed on June 12, 1992. On June 11, 1992, movant's appointed counsel filed a Motion To Extend Time To File First Amended Motion, alleging as the sole grounds that the transcript of the guilty plea proceedings had not been prepared, although requested on April 29,

1992. The request was for an additional thirty days within which to file the amended motion, with the time to be calculated from the completion of the transcript. The court denied the motion, noting that the transcript of the guilty plea had been on file with the trial court since February 10, 1992. No amended Rule 24.035 motion was ever filed. Thereafter, on June 24, 1992, the motion court denied the pro se motion without a hearing.

Movant's sole point on this appeal alleges the motion court abused its discretion when it denied his pro se motion without making a *sua sponte* inquiry as required in *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991).

Rule 24.035(e) makes specific requirements of counsel appointed after the filing of a pro se motion under the rule. It provides, in pertinent part:

> Counsel shall ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all grounds known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and grounds.

The Supreme Court, in *Luleff*, 807 S.W.2d at 498, said:

> A record that does not indicate whether appointed counsel made the determinations required by *Rule 29.15(e)* creates a presumption that counsel failed to comply with the rule. Where counsel determines that filing an amended motion is not warranted, counsel should make that determination a part of the record. At such time as the motion court may proceed to rule a postconviction motion and there is no record of any activity by counsel on movant's behalf, the motion court shall make inquiry, *sua sponte*,

---

**1.** All references to statutes are to RSMo 1986, V.A.M.S.

**2.** All references to rules are to Missouri Rules of Court, V.A.M.R.

**3.** Movant's counsel on this appeal is not the same as the appointed counsel who represented him at the time of his plea of guilty or the one appointed by the motion court following the filing of his pro se Rule 24.035 motion.

regarding the performances of both movant and counsel. If counsel's apparent inattention results from movant's negligence or intentional failure to act, movant is entitled to no relief other than that which may be afforded upon the *pro se* motion. If the court determines, on the other hand, that counsel has failed to act on behalf of the movant, the court shall appoint new counsel, allowing time to amend the *pro se* motion, if necessary, as permitted under *Rule 29.15(f)*.

*See also Sanders v. State*, 807 S.W.2d 493 (Mo. banc 1991). The *Luleff* and *Sanders* cases, *supra*, also apply to Rule 24.035 motions. *See Laughlin v. State*, 822 S.W.2d 578 (Mo.App.1992).

The record before this court contains no indication that appointed counsel complied with the requirements of Rule 24.035(e) by making the determinations required of him by that rule. Likewise, there is no indication that the motion court made inquiry about the reason for counsel's inactivity. In its brief, the State candidly concedes that the motion court failed to make the *sua sponte* inquiry required by *Luleff, supra*, and that the case should be remanded.

This cause is, therefore, remanded to the motion court for its determination and findings concerning appointed counsel's compliance with the requirements of Rule 24.-035(e). If the motion court finds that the performance of appointed counsel did not comply with Rule 24.035(e), and that the lack of such performance was not the result of movant's action or inaction, it shall appoint new counsel to represent movant and allow time within which to amend the pro se motion. If an amended motion is filed, the cause shall proceed as if it had been filed in a timely manner.

MONTGOMERY, P.J., and PREWITT, J., concur.