STATE of Missouri, Respondent,

v.

Ronald TINCH, Appellant.

Ronald TINCH, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 61404, 62981.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 7, 1993.

Ellen H. Flottman, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his convictions for second degree assault and armed criminal action and the subsequent denial of his Rule 29.15 motion for post-conviction relief. We affirm.

Defendant does not challenge the sufficiency of the evidence, therefore only a brief recitation of the facts is necessary. On September 9, 1990 at around 1 a.m., Defendant was standing on the corner of Alsobrook and Saratoga Streets. He was approached by Isaiah Taylor who wanted to purchase mari-juana for Christopher Hill and some crack cocaine for Hill's friend, Cooney. Taylor obtained some crack cocaine from "Leevie," a friend of Defendant, but allegedly did not pay for it. Taylor got in the car with Hill and told him to "take off." Defendant walked up to the open window on the driver's side of the car and put a gun to Hill's head and said, "I want my shit." Hill then attempted to drive away and the gun went off, injuring Hill. Defendant was convicted by a jury and on January 6, 1992, he was sentenced to seven years' imprisonment for second degree assault and thirty years' imprisonment for armed criminal action.

On May 11, 1992, Defendant filed a *pro se* Rule 29.15 motion, which was later amended by counsel. The motion court held an evidentiary hearing on September 1, 1992. Defendant did not appear at this hearing due to his attorney's failure to file a writ of habeas corpus ad testificandum. On September 24, 1992, the trial judge entered findings of fact and conclusions of law denying Defendant's motion. Defendant appeals his convictions and the denial of his Rule 29.15 motion.

In Point I, Defendant alleges that the trial court abused its discretion in overruling his challenge for cause of venireperson Nina Duke because it forced him to use one of his peremptory challenges to eliminate her from the panel. Venireperson Duke stated on the record that she was married to a police officer for forty years. When asked whether she would afford a police officer more immediate credibility than anyone else who took the stand, venireperson Duke answered that she would have "a tendency" to believe "most of it" but she would be listening to what he has to say. Defendant's counsel also questioned venireperson Duke about her ability to be fair and impartial and the following exchange took place:

Mr. Kessler: Is there anything about that profession which would lead you to give them more credibility just because of what they do?

Venireperson Duke: Not at the bottom line it wouldn't, no.

Mr. Kessler: Okay. And I think I can shortcut this quite a bit. This isn't a case

in which a police officer says, I saw something happen and another person says, well, I didn't see it that way. This involves really police that have investigated something after its [sic] occurred. Would that make it easier for you to listen to them the same as everybody also?

Venireperson Duke: Yes.

The trial court then found, although Duke's initial reaction was that she tended to believe police officers more than others, she would set aside this predisposition and give full weight to the testimony of all witnesses.

In Missouri, §§ 494.470 and 494.480 entitle a defendant to a full panel of qualified jurors from which to exercise his peremptory challenges. RSMo Supp.1992, replacing former §§ 546.150 and 546.180.3, RSMo 1986 (Repealed). The trial court found that venireperson Duke was a qualified juror. The trial court must be afforded wide discretion in determining the qualification of prospective jurors and its findings will not be overruled absent a showing of clear abuse of discretion. State v. Castilleja, 837 S.W.2d 577, 578[1,2] (Mo.App.1992). We find no clear abuse of discretion. Point denied.

In Point II, Defendant challenges the submission of a reasonable doubt instruction modeled after MAI–CR3d 302.04. He argues the instruction suggests a higher degree of doubt than constitutionally required. We deny Defendant's second point pursuant to State v. Griffin, 848 S.W.2d 464, 468–69 (Mo. banc 1993).

Defendant also appeals the denial of his Rule 29.15 motion for post-conviction relief. Our review of this denial is limited to a determination of whether the findings are clearly erroneous. Rule 29.15(j). Defendant's brief asserts several reasons why the denial of his post-conviction motion was wrongful.

First, he asserts the motion court's decision to conduct the Rule 29.15 hearing without him present was clearly erroneous. This claim is without merit. Rule 29.15(h) specifically provides that "at any hearing ordered by the court the movant need not be present." Furthermore, a Rule 29.15 pro-

ceeding is a civil proceeding which does not invoke Defendant's Sixth Amendment right of confrontation. State v. Leisure, 838 S.W.2d 49, 59[28] (Mo.App.1992). Therefore, the court's decision to proceed with the hearing in Defendant's absence was not clearly erroneous.

Defendant also asserts his attorney's failure to file a writ of habeas corpus ad testificandum constituted an abandonment which entitled him to appointment of new counsel under the standard set forth in Luleff v. State, 807 S.W.2d 495, 497[1] (Mo. banc 1991). See also Sanders v. State, 807 S.W.2d 493 (Mo. banc 1991). Luleff states that when there is no record of activity by counsel on movant's behalf, the court shall make an inquiry into the reason for the nonactivity. If it is due solely to the fault of the motion attorney, a new attorney will be appointed and additional time, if necessary, will be provided in order to file an amended motion. Since Defendant's counsel did file an amended motion and did conduct an evidentiary hearing, there was no abandonment under the Luleff standard.

Defendant also asserts that his motion attorney's failure to secure his presence at the evidentiary hearing through a writ of habeas corpus ad testificandum constituted ineffective assistance of counsel. A claim of ineffective assistance of post-conviction motion counsel is generally not cognizable on appeal of a post-conviction judgment. State v. Bradley, 811 S.W.2d 379, 384[10] (Mo. banc 1991). However, such a claim may be considered if there is a total abandonment of counsel. Luleff, 807 S.W.2d at 497. As stated earlier, there was no abandonment by counsel under the standards set forth in Luleff. Therefore, this issue is not cognizable on direct appeal. Point denied.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.