David Lee CLAY, Movant,

v.

STATE of Missouri, Respondent.

No. 63475.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 12, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 16, 1994.

Application to Transfer Denied
June 21, 1994.

Dave Hemingway, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stacy L. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Movant was convicted of murder in the first degree, § 565.003 RSMo1986, armed criminal action, § 571.015 RSMo1986 and burglary § 569.160 RSMo1986. For the third time he appeals denial of Rule 29.15 relief. The state alleged the crimes were committed on November 1, 1986. The first appeal, filed in June 1989, was dismissed as moot when the motion court recognized the pro se Rule 29.15 motion was not untimely. The second appeal, filed in May 1990, was resolved by opinion. *State v. Clay*, 817 S.W.2d 565, 568–569 (Mo.App.1991), [*Clay I* ]. After remand in *Clay I*, the motion court found that movant was not at fault when post conviction counsel filed an untimely, unverified amended Rule 29.15 motion. Pursuant to *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991), the motion court allowed a second amended motion which was filed together with a request for evidentiary hearing on February 11, 1992.

The motion court held an abbreviated evidentiary hearing on December 30, 1992. Prior to the hearing it ordered certain allegations excluded from the hearing, particularly, that trial counsel was ineffective for failure to investigate an available alibi defense. The motion court denied relief. Movant appeals on numerous claims of error. We find the claim of ineffective assistance of counsel in investigating and producing evidence to submit the alibi defense requires a new hearing.

Movant informed his trial counsel that his defense was alibi. To establish the defense it was necessary for trial counsel to prepare and call no less than three and perhaps four witnesses. They were Clara Harris Clay, movant's ex-wife; Allison McCoy, his sister; Mary Williams, another sister; and, Mary Clay, his mother. The motion court never heard testimony of any of these witnesses who were available at the time of the December 30, 1992 evidentiary hearing. Nor did the court hear any defense witnesses, includ-

ing these women, on the alibi issue. It heard movant's trial counsel, the state's witness in opposition, at the December 18, 1989 hearing before the prior appeal. It did not permit any additional evidence on this issue at the post-*Luleff* hearing conducted on December 30, 1992.

Movant made an offer of proof and informed the motion court that he was prepared to offer the testimony of his mother, Mary Clay, who called movant at his home shortly after the shooting, woke him from sleep and informed him of gunshots at the home of his ex-wife, Clara Harris Clay. Mary Clay learned of the events in a phone conversation with McCoy, movant's sister. Mary Williams, another of movant's sisters also learned of the matter in a phone conversation with McCoy. McCoy was told of the shooting in a telephone conversation with Clara Harris Clay.

On the claim of ineffective assistance of trial counsel for failure to investigate or produce the available testimony to establish the alibi defense, the motion court referred to the December 18, 1989 testimony of trial counsel and the absence of any other evidence. It acknowledged an allegation that trial counsel was ineffective for failing to call as witnesses, movant's mother and sister. It found:

> The transcript of Mr. Andy Walker's testimony reveals that he did investigate *these witnesses* and *their* testimony would not have aided Movant's defence [sic]. No credible evidence was presented to this Court indicating that *these witnesses* would have provided any testimony beneficial to Movant's defenses and therefore denies his claim. The Court finds no evidence that the conduct of Movant's attorney did not conform to the care and skill of a reasonably competent lawyer rendering similar services under existing circumstances. (Emphasis added).

Two questions are raised by the quoted finding of fact. Does the testimony of trial counsel support the finding? Did movant, during his offer of proof, present to the court an opportunity to hear evidence which would support an opposite result? The testimony of trial counsel did not support the finding of

fact. Trial counsel spoke to one woman, Allison McCoy, not to movant's mother. The offer of proof reciting the women's proposed testimony is sufficient to present evidence which would, if believed, wholly support the alibi defense.

On December 18, 1989, the motion court heard only state's evidence in opposition to movant's pro se Rule 29.15 motion. It considered the testimony of trial counsel offered by the state. Movant, whose testimony was taken by means of interrogatories, was not present. He was not told the hearing would be held and no arrangements were made for his presence. Trial counsel testified as follows. He replaced prior defense counsel between six and ten weeks before the trial. He visited movant "a couple of times" in jail. He could not remember the length of the visits which could have been as little as one-half hour each. He spoke with movant once in the St. Louis County holdover. This visit occurred about one week before trial and lasted no more than one-half hour. He had no exact memory of the length of his visits.

Trial counsel was aware of movant's alibi defense. He talked only to "Allison McCoy" for five to fifteen minutes about the defense. He decided against using her testimony "because she simply could not recall calling David Lee Clay on the night Mr. Mixon was murdered." Trial counsel did not discuss the matter with Mary Clay, Clara Harris Clay or anyone else. Critically, he never contacted Mary Clay, who made the call to movant. In his testimony, he claimed to have talked to movant's "mother. That's Miss McCoy." Movant's mother is Mary Clay.

According to the allegations in the Rule 29.15 motion, defense counsel might have discovered, by investigation, that there was a viable and available alibi defense. The defense was not dependent upon recollection of a telephone call from Allison McCoy to movant sometime after the shooting. That was the focus and limit of his investigation. Because counsel failed to talk to movant's mother, the alibi defense remained uninvestigated. The finding of fact of the motion court that counsel testified he investigated the testimony of movant's mother and sister is flatly contradicted by the testimony of trial coun-

sel. The finding of the motion court credits the testimony of trial counsel as truthful. As it stands, this testimony constituted unassailable proof that trial counsel did not really or fully investigate the available alibi defense. The finding is clearly erroneous.

The additional finding that movant offered no credible evidence that movant's mother and sister would have provided testimony in support of the alibi defense ignores the offer of proof which detailed the available evidence from witnesses who were at the courthouse and attended the hearing. The court refused to hear the testimony. The evidence would not have duplicated any prior testimony. No evidence was offered in support of the alibi defense during the hearing on movant's pro se motion on December 18, 1989. The late-filed and unverified motion contained an allegation regarding the alibi defense but it was a nullity. *Clay I*, 817 S.W.2d at 569.

Accordingly, the critical finding is unsupported by the state's witness, movant's trial counsel, whose credibility the court accepted. The finding defies understanding. It is clearly erroneous. The error was aggravated by excluding the witnesses who could, if believed, establish a viable alibi defense. Nor is movant responsible for not informing the motion court of the failure of trial counsel to properly identify movant's mother and adequately explain the investigation of the alibi defense. Movant was not told of the hearing and, of course, was not present. He had no opportunity to clarify the inaccuracy of trial counsel's testimony and the motion court denied movant an opportunity to prove the availability and viability of the defense.

It remains for the trial court to hear the testimony which might offer an alibi defense and determine credibility. Movant has the burden of proving ineffective assistance and prejudice. *Moore v. State*, 827 S.W.2d 213, 215 (Mo. banc 1992). The state's evidence in the trial was not strong. The eyewitness whose testimony may have placed movant at the scene was his own son, David Lee Clay, Jr. On the evening of the shooting, Clay Jr. did not identify his father as the man he saw shortly before the shooting which no one witnessed. He told the police he thought it was his father. He thought it could have

been his father or someone else. His opportunity to see was very limited. He told a lie detector operator he was 90% sure it was his father. However, after the police arrived at the crime scene he accompanied them in searching the neighborhood in an effort to identify the man he saw. The defense, if proven, would undermine confidence in the outcome and offer a reasonable probability of a different result. *Id.*

We remand for further proceedings. The motion court should hear all evidence necessary and relevant to ruling the issues alleged in the second amended Rule 29.15 motion, filed on February 11, 1992. We express no opinion for or against the merits of any claims of error argued in this appeal. We hold a new hearing is required to review the allegations in the motion as provided in Rule 29.15.

We reverse and remand.

SIMON, P.J., and PUDLOWSKI, J., concur.