Willie McKINNEY–BEY, Appellant,

v.

STATE of Missouri, Respondent.

No. 19066.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 17, 1994.

█

█

Laura E. O'Sullivan, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jennifer A. Glancy, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Judge.

Movant appeals from the denial of his motion for postconviction relief under Rule 24.035.[1] The motion court made findings of fact, conclusions of law, and denied the motion without an evidentiary hearing. Earlier, Movant had entered a plea of guilty to two class D felonies of passing bad checks, § 570.120, RSMo Cum.Supp.1992. Movant was sentenced to two concurrent terms of four years' imprisonment.

Appellate review is limited to whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 24.035(j). The trial court's findings and conclusions are deemed clearly erroneous only if, after reviewing the entire record, this Court is left with "the definite and firm impression that a mistake has been made." *Day v. State,* 770 S.W.2d 692, 695–96 (Mo. banc 1989).

In his sole point on appeal, Movant claims that the motion court erred in denying his Rule 24.035 motion because postconviction counsel abandoned Movant by failing to comply with the provisions of Rule 24.035(e). Movant specifically alleges that postconviction counsel failed to (1) properly amend his *pro se* motion and (2) assert specific grounds that required an evidentiary hearing to determine whether plea counsel was ineffective. It is clear to this Court that Movant's counsel complied with her duties as set forth in Rule 24.035(e).

Rule 24.035(e) provides in part:

Counsel shall ascertain whether sufficient facts supporting the grounds are asserted in the [*pro se* ] motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all grounds known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and grounds.

Movant directs our attention to *Luleff v. State,* 807 S.W.2d 495 (Mo. banc 1991), and a similar line of cases. However, Movant's analysis is incorrect for *Luleff* factually does not apply. In *Luleff,* the Missouri Supreme Court held that counsel's failure to comply with Rule 29.15(e)[2] constituted an abandonment by counsel entitling movant to appointment of new counsel and an extension of time in order to file an amended motion. *Id.* at 498. The court based its finding of abandonment upon two factors: (1) no activity on movant's behalf by appointed counsel; and (2) no inquiry by the trial court regarding the performance of counsel. *Id.* Neither of these factors is present in this case.

Movant's postconviction counsel complied with Rule 24.035(e) because she reviewed the record and determined Movant's *pro se* motion included all possible grounds for relief and included sufficient facts to support these allegations. She filed an Affidavit of Counsel and Notice of Waiver of Amended Motion and Submission of Case on the Pleadings. In the affidavit, counsel specifically stated that (1) she had reviewed the record, made inquiry of Movant and concluded that there were no additional claims to be made; (2) Movant's *pro se* motion included all claims and alleged all facts known to Movant or his counsel; and (3) she had reviewed with Movant the claims presented in his *pro se* motion and advised him of the risks and consequences attendant to success in his request for the postconviction relief. Such activity by postconviction counsel does not run afoul of *Luleff. State v. Shields,* 862 S.W.2d 503, 506 (Mo.App.1993).

The motion court's findings noted the filing of postconviction counsel's affidavit and found that (1) the files and record of the underlying criminal case refuted the allegations of Movant's motion, and (2) Movant was not entitled to an evidentiary hearing. The motion court's findings and conclusions are not clearly erroneous and are fully supported by the record. Movant's point has no merit. *See*

---

1. Rule references are to Missouri Rules of Court (1994).

2. The pertinent provisions of Rule 24.035(e) are identical to those found in Rule 29.15(e).

*Thurlo v. State,* 841 S.W.2d 770, 772 (Mo. App.1992).

The judgment is affirmed.

SHRUM, C.J., and FLANIGAN, J., concur.