Randy **CARTER, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 68149.

Missouri Court of Appeals, Eastern District, Division One.

June 18, 1996.

Dave Hemingway, Asst. Public Defender, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Fernando Bermudez, Assistant Attorney General, Jefferson City, for Respondent.

KAROHL, Judge.

Randy Carter (movant) appeals a denial of his Rule 24.035 motion for post conviction relief without an evidentiary hearing. He pled guilty to three counts of sale of a controlled substance. On the same day he offered *Alford* pleas on three counts of stealing a firearm, and one count of burglary second degree. He was sentenced to concurrent twelve years, seven years, and seven years imprisonment respectively. We reverse and remand for a hearing.

■ Movant contends he is entitled to a hearing to determine whether counsel abandoned him by not filing an amended motion. He timely filed a pro se motion for post conviction relief on July 14, 1994. On July 20, 1994, the court appointed a special public defender to represent movant. Counsel entered her appearance nine days later. On August 12, 1994, counsel requested an extension of time to file an amended motion. Counsel later withdrew.

On September 1, 1994, another attorney entered his appearance to represent movant. He requested a hearing. On December 27, 1994, the motion court denied the motion without a hearing.

■ Under Rule 24.035(e):

Counsel shall ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant included all grounds known to him as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all grounds known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and grounds.

Where there is no record to support a finding counsel made determinations as required by Rule 29.15(e) there is a presumption of noncompliance. *Luleff v. State,* 807 S.W.2d 495, 498 (Mo. banc 1991). If counsel determines that filing an amended motion is not warranted, he should make that determination part of the record. *Id.* If there is no record of activity by movant's counsel, the motion court should make inquiry, sua sponte, regarding the performance of both movant and counsel. *Id.* If counsel's inactivity is due to movant's malfeasance or nonfeasance, movant is only entitled to the relief sought in the pro se motion. *Id.* However, if counsel fails to act on behalf of movant, the court must appoint new counsel allowing time to amend the pro se motion. *Id.*

Here, the motion court stated in its findings of fact and conclusions of law that *it* read the plea and sentencing transcripts in both causes. It recorded, "The Court further states that Movant's attorney has concluded that an amended motion need not be filed." Movant's counsel may have verbally informed the court of his opinion that filing an amended motion was unnecessary. The basis for that view is undocumented and unexplained. There are no facts on the record that are sufficient to overcome the presumption of noncompliance. There is no indication counsel reviewed the transcripts, case files or had an opportunity to consult with movant. The only recorded act was to request a hearing. The motion court has a duty to further inquire into counsel's activity. We are required by *Luleff* to remand for a determination on the allegation of abandonment by counsel. The state agrees.

Reversed and remanded.

REINHARD, P.J., and GRIMM, J., concur.