

# Missouri Court of Appeals

## Southern District

### In Division

GLENDA M. YOUNG,         )
                                    )
            Appellant,     )
                                    )  No. SD38514
vs.                        )
                                    )  FILED:  JULY 30, 2025
STATE OF MISSOURI,      )
                                    )
            Respondent.   )

### APPEAL FROM THE CIRCUIT COURT OF DOUGLAS COUNTY

Honorable Raymond Gross, Judge

### VACATED AND REMANDED

Glenda Young (Movant) appeals from an order[1] denying her amended Rule 29.15 motion for post-conviction relief without an evidentiary hearing.[2]  In four points on appeal Movant alleges the motion court erred when it 1) denied without an evidentiary hearing a claim for ineffective assistance of counsel relating to failing to call an expert witness; 2) denied without an evidentiary hearing a claim for ineffective assistance of counsel relating to failing to request a competency evaluation; 3) found the initial 29.15 motion was untimely;[3] and 4) failed to conduct an abandonment hearing on the amended motion, which was untimely filed.  Finding Point 4 to be meritorious and dispositive of this appeal, we vacate the motion court's denial of

---

[1] The actual ruling is denominated as a judgment.

[2] All rule references are to Missouri Court Rules (2020) unless otherwise specified. All statutory references are to RSMo (2016).

[3] Point 3 is moot as the motion court correctly treated Movant's initial 29.15 motion as having been timely filed.

postconviction relief and remand the matter for an abandonment hearing.

A full account of the facts is not necessary to the resolution of this matter. In summary, after Victim and Movant were married, Victim named Movant the beneficiary in certain estate planning documents. Victim later developed a romantic relationship with another female. After Movant learned about Victim's infidelity, Movant took out additional insurance policies on the Victim. On January 20, 2017, Victim placed calls from his cell phone in which he had difficulty speaking, but appeared to say, "I've been shot." Movant called the sheriff's department from the home phone and reported that Victim had accidentally shot himself when he was cleaning a gun. Movant said that she was not home at the time of the incident. Victim was deceased when law enforcement arrived.

The case proceeded to a bench trial before the Honorable Calvin Holden. The trial court found Movant guilty of first-degree murder, §565.020, and armed criminal action (ACA), §571.015.11. The trial court sentenced Movant to life without parole for murder and a concurrent term of 30 years for ACA on June 28, 2020.

*Post-Conviction Relief Procedural History*

Movant filed her initial 29.15 motion to vacate, set aside or correct the judgment or sentence prematurely on November 30, 2020. On December 10, 2020, the motion court entered an order appointing the State Public Defender to represent Movant. Movant's conviction was thereafter affirmed by this Court on August 12, 2022, and the mandate issued August 30, 2022. On September 9, 2022, appointed counsel entered an appearance. On December 28, 2022, appointed counsel filed Movant's amended motion.

Movant's Rule 29.15 action was later assigned to the Honorable Raymond Gross. On April 2, 2024, the motion court issued findings of fact and conclusions of law without an evidentiary hearing. The motion court found that Movant's initial motion was untimely because

2

she did not file it "within ninety (90) days after the issuance of the [m]andate." The motion court further found that the amended motion was untimely because it was filed "more than two (2) years after the [*pro se* motion]." The motion court "[i]n an abundance of caution[,]" addressed the merits of both Movant's initial pro se and amended motions in its judgment denying postconviction relief.

*Standard of Review*

This Court reviews for whether the motion court's findings of fact and conclusions of law were clearly erroneous. ***Flaherty v. State***, 694 S.W.3d 413, 416 (Mo. banc 2024). Findings of fact and conclusions of law are clearly erroneous when in light of the entire record this Court is left with the definite and firm impression a mistake was made. ***Id.***

*Point 4*

The Movant asserts — and the State agrees — that the motion court clearly erred in failing to conduct an abandonment hearing on why the amended motion was untimely.

There is no dispute that the filing of the amended motion by appointed counsel was untimely.[4] Pursuant to Rule 29.15(g) (effective on January 1, 2018), the amended motion was due to be filed within 60 days of the earlier of the date of this Court's mandate and the appointment of counsel or the entry of non-appointed counsel. This Court's mandate issued on August 30, 2022. Because counsel was appointed before the mandate issued, the amended motion was due 60 days from the date of the mandate, which would have been October 31, 2022. However, the amended motion was not filed until December 28, 2022.

"The untimely filing of an amended motion by postconviction counsel creates a presumption of abandonment." ***Watson v. State***, 536 S.W.3d 716, 719 (Mo. banc 2018). The

---

[4] See ***Scott v. State***, No. SC100916, 2025 WL 2053158 (Mo. banc July 22, 2025) (At the time of Scott's sentencing, Rule 29.15(m) provided: "This Rule 29.15 shall apply to all proceedings wherein sentence is pronounced on or after January 1, 2018." Scott was sentenced in November 2020. Therefore, the version of Rule 29.15 in effect at Scott's sentencing date applies through his postconviction proceedings regardless of later amendments.)

motion court must then conduct an inquiry into whether abandonment occurred in order to determine which claims it is required to consider the claims contained in the amended motion or the claims contained in the pro se motion. *Moore v. State*, 458 S.W.3d 822, 825-26 (Mo. banc 2015).

Ordinarily, our determination that the amended motion was untimely would require a remand for an abandonment hearing to determine whether the tardiness was the fault of appointed counsel, rather than the result of the movant's actions or inactions. *See Luleff v. State*, 807 S.W.2d 495, 498 (Mo. banc 1991). That procedure now might not have been required here if an evidentiary hearing had been held and the record unmistakably demonstrated appointed counsel abandoned Movant. *Nelson v. State*, SC100957, SC101008, 2025 WL 2053870 (Mo. banc July 22, 2025). However, without an evidentiary hearing, as occurred in this case, we are left with the unsupported findings of the motion court "that Movant was abandoned by postconviction counsel," and thus, the matter must be remanded to the motion court for the required inquiry and findings.

Point 4 is granted.

## Conclusion

The denial of postconviction relief is vacated and the cause is remanded to the motion court to hold an abandonment hearing and proceed with any further hearings as may be required.

BECKY J. WEST, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

MATTHEW P. HAMNER, J. – CONCURS