**William ADAMS, Jr.,
Plaintiff/Appellant,**

v.

**STATE of Missouri,
Defendant/Respondent.**

No. 58546.

Missouri Court of Appeals,
Eastern District,
Division One.

April 23, 1991.

See also 741 S.W.2d 781.

Thomas E. Marshall, Sullivan, for plaintiff/appellant.

William L. Webster, Atty. Gen., Joan F. Gummels, Asst. Atty. Gen., Jefferson City, for defendant/respondent.

GRIMM, Judge.

Movant William Adams, Jr., appeals the denial of his Rule 29.15 motion for post-conviction relief without an evidentiary hearing. He alleges the mandatory requirements of Rule 29.15(e) were not complied with, in that appointed counsel provided him with no representation. We reverse and remand to the motion court for further proceedings consistent with this opinion.

The facts relating to movant's charge, trial, and conviction appear in *State v. Adams*, 741 S.W.2d 781 (Mo.App.E.D.1987).

On January 6, 1988, movant filed a pro se motion for post-conviction relief.* The motion court's docket sheet minutes for January 6, 1988, read:

Motion 27.26 filed.

Movant is granted leave to file Rule 27.-26 Motion in Forma Pauperis. The Public Defender is appointed to represent the Movant and is granted 30 days to file an amended motion ... notified 1–12–88.

The next entry on the docket sheet is dated March 8, 1988, and reads:

MOVANT'S AMENDED COMPLAINT, FILED.

The amended complaint was also filed pro se.

The next two entries on the docket sheet are:

5–18–89 ORDER OF ASSIGNMENT AS PER MEMORANDUM.

8–15–89 CAUSE PASSED FOR FORMAL ENTRY OF ORDER.

Finally, on February 23, 1990, the motion court signed the State's "Proposed Findings of Fact, Rulings, and Orders." The court stated,

[T]he amended motion was not timely filed within 30 days and the Court proceeds under the original pro se motion.

\* \* \* \* \* \*

[M]ovant is entitled to no relief on any ground, ... no hearing is necessary and [this court] dismisses this motion for failure to state a cause of action for which relief may be granted.

The record is silent as to what, if anything, movant's appointed counsel did for him. The record does not contain an entry of appearance by any attorney for movant. Nor does the record contain a copy of any correspondence between an attorney and movant, or anything to show that counsel ever contacted movant. Counsel did not file an amended Rule 29.15 motion; the amended motion was a pro se motion filed by movant.

The disposition of this appeal is controlled by *Luleff v. State*, 807 S.W.2d 495 (Mo.banc 1991). In accordance with *Luleff*, we remand to the motion court:

for its determination of whether appointed counsel acted to ascertain whether sufficient facts are asserted in the *pro se* motion[s] and whether the movant included all grounds to him. The motion court shall make findings of fact on this point. If the court finds that appointed counsel

---

\* Movant's motion was notarized December 21, 1987, but was not filed until January 6, 1988. His motion is based on Rule 27.26. However, since the motion was filed subsequent to the repeal of prior Rule 27.26, the motion is governed by Rule 29.15.

has not performed as required by *Rule 29.15(e)*, and the lack of performance is not the result of movant's action or inaction, the court shall appoint new counsel allowing time, if necessary, to amend the *pro se* motion as permitted under *Rule 29.15(f)*, and the cause shall proceed anew according to the provisions of the rule.

*Id.* at 498.

PUDLOWSKI, P.J., and KAROHL, J., concur.