George Emmett TAYLOR, Jr.,
Movant/Appellant,

v.

STATE of Missouri,
Defendant/Respondent.

No. 60345.

Missouri Court of Appeals,
Eastern District,
Division One.

April 21, 1992.

**496**

Maribeth McMahon, Asst. Public Defender, Clayton, Judith LaRose, Columbia, for movant/appellant.

William L. Webster, Atty. Gen., Robin H. Grissom, Asst. Atty. Gen., Jefferson City, for defendant/respondent.

PER CURIAM.

A jury found movant George Emmett Taylor, Jr. guilty of first degree robbery and armed criminal action. He was sentenced as a prior and persistent offender to concurrent twenty year terms on each count. We affirmed his conviction in *State v. Taylor,* 742 S.W.2d 625 (Mo.App.1988). Movant filed a *pro se* Rule 29.15 motion on June 30, 1988. Appointed counsel subsequently filed an unverified amended motion on January 12, 1989, alleging additional grounds for relief. The circuit court dismissed his amended unverified 29.15 motion.

Movant contends that the trial court erred in dismissing his amended unverified 29.15 motion without inquiring into why his motion was unverified. Failure of post-conviction counsel to have movant sign or verify his amended motion can constitute abandonment by counsel. The appropriate forum for addressing claims of abandonment of post-conviction counsel is the motion court. *State v. White,* 813 S.W.2d 862, 864 (Mo. banc 1991). The cause of the lack of verification should be adjudicated in a hearing conducted by the motion court as directed in *Sanders v. State,* 807 S.W.2d 493, 495 (Mo. banc 1991). This cause must be remanded to the circuit court to determine why the amended motion was unverified. *White,* 813 S.W.2d at 864–65. The state agrees that the cause must be remanded.

If on remand if the motion court finds the failure to timely file was Taylor's fault, the filing is barred. *State v. White,* 790 S.W.2d 467, 474 (Mo.App.1990). If the failure to verify was Taylor's fault, the amended motion is a nullity and the motion court has no jurisdiction. *Malone v. State,* 798 S.W.2d 149, 151 (Mo. banc 1990). If, however, the untimeliness was counsel's fault, the motion court must treat the 29.15 motion as timely filed. *Sanders,* 807 S.W.2d at 495. And, if the failure to verify is counsel's fault, the trial court must take appropriate steps to have the amended motion verified so that it properly invokes the jurisdiction of the motion court. *State v. Clay,* 817 S.W.2d 565, 569 (Mo.App.1991). If, as a result of the motion court's findings, the amended motion is filed and verified, the motion court should then proceed to determine the cause as presented by the properly filed amended motion.

The order of the motion court is reversed and this cause is remanded to the motion court so it may make a determination of the cause of the lack of verification of movant's 29.15 motion and for such further proceedings as may be required as set forth in this opinion.