William ADAMS, Jr., Movant/Appellant,

v.

STATE of Missouri, Respondent.

No. 61252.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 4, 1992.

See also, 741 S.W.2d 781.

Brad B. Baker, Columbia, for movant/appellant.

William L. Webster, Atty. Gen., Rudolph R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for respondent.

AHRENS, Judge.

Movant, William Adams, Jr., appeals the denial of his Rule 29.15 motion for post-conviction relief following an evidentiary hearing. Movant contends the motion court clearly erred in holding that he was not abandoned by post-conviction counsel. We affirm.

The facts relating to movant's charge, trial, and conviction appear in *State v. Adams*, 741 S.W.2d 781 (Mo.App.1987). Movant previously appealed the denial of his Rule 29.15 motion without an evidentiary hearing. *Adams v. State*, 807 S.W.2d 550, 551 (Mo.App.1991). This court remanded the matter to the motion court in accordance with *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991), for a determination of whether appointed post-conviction counsel had performed as required by Rule 29.15(e) and whether any lack of performance was the result of movant's action or inaction. *Adams*, 807 S.W.2d at 551–52. "If counsel's apparent inattention results from movant's negligence or intentional failure to act, movant is entitled to no relief other than that which may be afforded on the *pro se* motion." *Luleff*, 807 S.W.2d at 498. The motion court previously determined the *pro se* motion stated no cause of action. *Adams*, 807 S.W.2d at 552.

An evidentiary hearing was held by the motion court on July 30, 1991. The motion court concluded movant's counsel investigated movant's claim and determined that he had no grounds for relief and that he did not desire public defender representation. The motion court further concluded movant's counsel did not abandon movant, counsel's activities were the result of mov- ·

ant's actions, and movant was entitled to no further relief.

 Appellate review of a Rule 29.15 proceeding is limited to a determination of whether the motion court's findings, conclusions, and judgment are clearly erroneous. Rule 29.15(j); *Carr v. State*, 819 S.W.2d 84, 89 (Mo.App.1991). They are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Carr*, 819 S.W.2d at 89. We defer to the motion court's superior opportunity to judge the credibility of the witnesses. *State v. Twenter*, 818 S.W.2d 628, 635 (Mo. banc 1991).

Two public defenders testified at the evidentiary hearing that, after movant's initial filing of a Rule 29.15 motion and following the appointment of a public defender, a letter and an application for public defender representation were sent to movant. In subsequent telephone conversations, the public defenders reminded movant that to obtain their services, he would have to complete and return the application. Movant told the public defenders that he did not want them to represent him because he believed the public defenders, the prosecutors, and the judges were in conspiracy against him.

Movant testified that, with the exception of one telephone call in 1989 from a St. Charles County public defender, movant never received any communication, by mail or phone, from a public defender concerning his Rule 29.15 motion. Movant denied telling the court or any attorney that he did not want to be represented in the post-conviction action.

The motion court was free to disbelieve movant's testimony at the evidentiary hearing, *Carr*, 819 S.W.2d at 88, and it did not believe his testimony. Given the evidence of movant's express refusal of public defender representation and failure to return the application, we find that the motion court's findings, conclusions, and judgment are not clearly erroneous.

The judgment of the motion court is affirmed.

CRIST and REINHARD, JJ., concur.