George E. TAYLOR, Jr.,
Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

No. 65853.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 25, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 8, 1995.

Application to Transfer Denied
Oct. 24, 1995.

David C. Hemingway, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michelle E. Freund, Asst. Atty. Gen., Jefferson City, for respondent.

CRANE, Chief Judge.

Movant appeals the denial of his Rule 29.15 motion after remand. His primary contention on appeal is that the motion court erred in ruling that movant was barred from raising new claims for relief on remand. He also asserts the motion court erred in deny-

ing his specific claims of ineffective assistance of counsel. We affirm.

Movant, George Emmett Taylor, Jr., filed a *pro se* Rule 29.15 motion on June 30, 1988.[1] Appointed counsel subsequently filed an unverified amended motion on January 12, 1989, alleging additional grounds for relief. The motion court dismissed his motion for failure to timely request an evidentiary hearing. On appeal we reversed and remanded to the motion court to determine why the amended motion was unverified. *Taylor v. State*, 830 S.W.2d 495 (Mo.App.1992) [hereinafter *Taylor II*]. The motion court subsequently found that the lack of verification was not movant's fault and gave movant leave to file an amended motion. In his subsequently filed amended motion,[2] movant included claims not raised in his prior amended motion. The motion court ruled that the additional issues in the amended motion were time-barred, but considered and denied all of movant's claims on the merits, including those that were time-barred.

*New Claims Alleged After Remand*

For his first point movant argues that the motion court erred in ruling that the claims raised for the first time in movant's post-remand amended motion were time-barred. He asserts that the unverified amended petition did not include all claims and therefore could not be verified as written. He concludes that the motion court's order allowing him to file an amended motion allowed him to assert new grounds.

After movant filed his amended unverified motion, the state filed a motion to dismiss because there had not been a timely request for an evidentiary hearing. The motion court granted the motion and movant filed an offer of proof as to what testimony his witnesses would have given on his claims of ineffective assistance of counsel. On appeal, movant asserted that this motion was improperly denied because counsel had abandoned movant by failing to have movant verify the amended motion and had failed to timely request an evidentiary hearing. He also argued he was entitled to relief on the

---

1. We affirmed movant's conviction of first degree robbery and armed criminal action in *State v. Taylor*, 742 S.W.2d 625 (Mo.App.1988).

2. Although the record reflects that a verified motion was filed in the motion court, the copy in this court's legal file is signed only by counsel. No verification of the motion by movant is contained in the legal file.

merits of the factual allegations made in his amended motion. Movant did not claim any other basis for trial counsel abandonment and specifically did not claim that counsel had abandoned him by failing to include all of movant's known claims in the amended motion. Accordingly, movant was only abandoned with regard to the verification of his first amended motion, not as to its content.

We found that the action was required to be remanded to determine why the amended motion was unverified. We directed, "If the failure to verify was counsel's fault, the [motion] court must take appropriate steps to have the amended motion verified so that it properly invokes the jurisdiction of the motion court." *Taylor II*, 830 S.W.2d at 496. We further directed, "If, as a result of the motion court's findings, the amended motion is filed and verified, the motion court should then proceed to determine the cause as presented by the properly filed amended motion." *Id.*

On remand, the motion court found the failure to verify was the fault of counsel. Because movant was only abandoned as to the verification and not as to the content of the amended motion, movant's remedy was limited to having the unverified amended motion verified and the cause determined as presented by that motion. *See State v. White*, 873 S.W.2d 590, 599 (Mo. banc 1994). Movant was not entitled to file another amended motion raising new claims which were not contained in the *pro se* motion or the unverified unverified amended motion. To do so would give movant the benefit of additional relief beyond that which he was originally entitled to receive under Rule 29.15. *See White*, 873 S.W.2d at 599. Point one is denied.

*Ineffective Assistance of Counsel*

*a. Untimely Claims*

Movant's next two points concern allegations of ineffective assistance of counsel which were raised for the first time in the amended motion filed after remand and were thus not timely raised. Points two and three are accordingly denied.

*b. Conflict of Interest*

■ For his fourth point movant asserts the motion court erred in denying his claim that trial counsel was ineffective for failure to withdraw from the case due to a conflict of interest. The record reveals that movant cooperated with local and federal law enforcement agencies in various investigations, including one which involved movant's trial counsel. Movant wore a recording device into the office of his trial counsel. Movant alleges that trial counsel knew of movant's cooperation with the authorities before movant's trial in the underlying criminal case and this knowledge deprived him of loyal counsel.

Trial counsel denied knowing of movant's cooperation prior to the trial of the underlying action. The motion court heard movant's and trial counsel's testimony on this issue. The motion court found that "movant's testimony is unbelievable." We must defer to the motion court's superior opportunity to judge the credibility of the movant's testimony and the witnesses' testimony. *State v. Twenter*, 818 S.W.2d 628, 635 (Mo. banc 1991); *Adams v. State*, 835 S.W.2d 557, 558 (Mo.App.1992). Point four is denied.

The judgment of the motion court is affirmed.

CRANDALL and DOWD, JJ., concur.