Andre WHITE, Appellant,

v.

STATE of Missouri, Respondent.

No. 60715.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 14, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Aug. 12, 1992.

Application to Transfer Denied
Sept. 22, 1992.

Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert Alan Kelly, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Movant appeals denial of Rule 24.035 post conviction relief after an evidentiary hearing. On April 1, 1991, movant entered guilty pleas to robbery in the second degree, § 569.030, RSMo 1986, and assault in the third degree, § 565.070, RSMo 1986. He was sentenced to concurrent seventeen and one year sentences. Movant raises two points on appeal. He contends the motion court clearly erred: (1) in denying his challenge to the sentencing court's jurisdiction to accept his plea because the state failed to dispose of the case within 180 days of his demand to resolve it under § 217.450, *et seq.*, RSMo Cum.Supp.1990; and (2) in failing to inquire as to the basis for the lack of an amended motion by appointed post conviction counsel. We reverse and remand.

The state charged movant as a prior, persistent and Class X offender with robbery in the second degree and misdemeanor assault on June 7, 1990. He was already serving a seven and one half year sentence for his conviction of illegal possession of cocaine. The cause was set for trial on July 12, 1990, then continued until September 10, 1990, following transfer of movant's case to a different public defender. On August 9, 1990, movant filed an "INMATE'S REQUEST FOR DISPOSITION OF INDICTMENTS, INFORMATIONS, OR COMPLAINTS" pursuant to the Uniform Mandatory Disposition of Detainers Law, § 217.450, *et seq.*, RSMo Cum.Supp. 1990. The cause was again continued at the behest of someone from the public defender's office from September 6 until November 5, 1990. On October 9, 1990, defense counsel filed a "MOTION TO QUASH THE INDICTMENT OR, IN THE ALTERNATIVE, TO STAY THE PROCEEDINGS," alleging unconstitutional selection of grand jurors in the City of St. Louis. The motion was denied on October 16, 1990.

Continuances chargeable to the state or the court occurred three times between January 24 and February 27, 1991, at which time the parties appeared before the trial court and the state announced it was ready to proceed. Defense counsel's oral motion to dismiss the indictment based on the state's failure to bring movant to trial within 180 days was overruled, but the proceedings were stayed in order to allow movant time to file a petition for writ of prohibition. Movant petitioned both this court and the Missouri Supreme Court unsuccessfully in March 1991.

Movant entered guilty pleas and was sentenced on April 1, 1991. On April 22, 1991, movant filed a pro se Rule 24.035 motion for post conviction relief. The motion court appointed post conviction counsel and ordered an evidentiary hearing despite movant's failure to request one. No amended motion for post conviction relief was filed. The motion for post conviction relief was dismissed and denied with prejudice on July 18, 1991. This appeal followed.

In his first point, movant alleges the state's failure to bring him to trial within 180 days of his request for final disposition of untried indictments required the sentencing court to dismiss the indictment. The issue was alleged in the Rule 24.035 motion but not developed during the post conviction evidentiary hearing. It was raised before the sentencing court. Movant correctly points out that the discretionary refusal of this court and the Missouri Supreme Court to grant extraordinary relief through a writ of prohibition did not shed any light on the merits of his argument. However, we now find the sentencing court had jurisdiction.

Section 217.460 sets forth three exceptions to the requirement that a defendant be brought to trial within 180 days. First, the trial court may, "for good cause shown in open court, the inmate or his counsel being present," grant "additional necessary or reasonable time." Second, the "parties may stipulate for a continuance." Third, "a continuance may be granted if notice is given to the attorney of record with an opportunity for him to be heard." *State v. Walker*, 795 S.W.2d 628, 629 (Mo.App.1990).

Some 202 days elapsed from the time the state received movant's request

for disposition of detainers, August 9, 1990, and the time the state brought movant out of prison for trial, February 27, 1991. Continuances were requested by defense counsel from July 12 to September 10, 1990, and again from September 6 to November 5, 1990. In general, delays of an accused's trial resulting from his affirmative action are excludable. *State v. Galvan,* 795 S.W.2d 113, 118 (Mo.App.1990). During the original oral motion to dismiss for failure to bring movant to trial within 180 days, defense counsel denied signing the second continuance. Movant now contends his counsel was denied an opportunity to be heard on the September 6 continuance. Counsel's entitlement to notice and an opportunity to be heard refers to adversarial proceedings, and not motions granted upon his or her request. Whether movant's counsel personally requested a continuance or instructed a co-worker to seek a continuance on his behalf, the trial court properly treated the request as that of the accused. The trial court need not speculate as to whether a defendant agrees with his lawyer's decisions. Subtracting all delays occasioned by defense counsel, 85 days, movant was brought to trial well within 180 days. Movant's first point is denied.

█ Movant's second point is the motion court erred in failing to inquire as to the basis for the lack of an amended motion by post conviction counsel. The state agrees this cause should be remanded to the motion court for a determination of whether movant's post conviction counsel has complied with Rule 24.035(e). When an indigent movant files a pro se motion, the rule requires counsel to "ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence." When no amended motion is filed, a record must be made explaining why this decision was made.[1] *Luleff v. State,* 807 S.W.2d 495, 498 (Mo. banc 1991); *Bass v. State,* 808 S.W.2d 416, 417 (Mo. App.1991). There is no indication in the record whether post conviction counsel performed as required by Rule 24.035(e), or whether any lack of performance was occasioned by movant's action or inaction.

We remand the cause to the motion court for a determination of whether motion counsel complied with Rule 24.035 and the edicts of *Luleff.*

SMITH, P.J., and AHRENS, J., concur.

---

1. *Luleff v. State,* 807 S.W.2d 495 (Mo. banc 1991) involved Rule 29.15(e), the text of which is identical to Rule 24.035(e). The fundamental precepts outlined in *Luleff* apply to correction of conviction after trial or guilty plea.