**Tony Joe KAY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 66065.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 7, 1995.

Rosalynn Koch, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary Moulton Bryan, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Tony Joe Kay, appeals from the denial of his Rule 24.035 post-conviction motion without an evidentiary hearing. We remand for the limited purpose of determining whether appellant's failure to timely file an amended Rule 24.035 motion was due to the fault of counsel, or of appellant.

On March 27, 1992, the state charged appellant with first degree robbery, in violation of RSMo § 569.020 (1986), and armed criminal action, in violation of RSMo § 571.015 (1986). The state agreed to drop the armed criminal action count in return for appellant's guilty plea.

On November 5, 1992, a hearing on appellant's guilty plea was held before the circuit court. The court found appellant to be a prior and persistent offender, subject to an enhanced sentence. After questioning appellant, the court found his plea voluntarily, knowingly, and intelligently made and accepted appellant's plea of guilty to first degree robbery. On June 11, 1993, the circuit court sentenced appellant as a prior and persistent offender to fifteen years imprisonment.

On September 13, 1993, appellant filed a *pro se* Rule 24.035 motion for post-conviction relief, alleging the following:

> I would not have entered a plea of guilty to fifteen (15) years. Only because my attorney stated that she would get it straightened out after sentencing, did I go ahead and enter the plea. Either, [sic] correct my sentence or allow me to vacate my plea.

The court appointed counsel for appellant that same day. Pursuant to Rule 24.035(f), the court also granted appellant thirty days from that date, and an additional thirty-day extension of time if necessary, in which to file an amended motion. The state filed a motion to dismiss.

On November 10, 1993, appellant moved for a further extension of time in which to file an amended motion, alleging he was un-

able to get a transcript of the plea hearing from the court reporter who had transcribed it.[1] The motion court ·initially granted this motion, giving appellant thirty more days. Upon being notified, the state objected to the extension, arguing no extensions of time beyond the sixty days expressly provided in Rule 24.035(f) were authorized. Agreeing, the court on December 6, 1993, rescinded its order as null and void and found that the time for filing an amended motion had expired. According to the court, "the fact that counsel would like a copy of the transcript of plea before filing her amended motion is totally irrelevant to the time limitation imposed by Rule 24.035." The court ruled it would consider only appellant's *pro se* motion.

On March 28, 1994, the motion court issued findings of fact and conclusions of law. The court denied appellant's *pro se* motion without an evidentiary hearing, finding the record completely refuted appellant's sole ground for resentencing or setting aside the plea. This appeal ensued.

For his one point on appeal, appellant contends that in light of the fact his appointed counsel did not file an amended motion or a notice of determination not to file an amended motion as required under Rule 24.035, the court clearly erred in denying his motion without an evidentiary hearing. According to appellant, the court was obligated to conduct a hearing to ascertain whether counsel's inaction was due to the fault of counsel, or of appellant. The state concedes this point.[2]

■ When an indigent movant files a *pro se* post-conviction motion, appointed counsel must "ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence."

Rule 24.035(e). Where counsel fails to file an amended motion pursuant to Rule 24.035(e), there must be a determination in the record explaining why no such motion was filed. *Luleff v. State,* 807 S.W.2d 495, 498 (Mo.banc 1991); *White v. State,* 835 S.W.2d 529, 531 (Mo.App.E.D.1992).[3] If there is nothing in the record, the cause must be remanded for an inquiry into whether counsel performed as required by Rule 24.035(e), or whether any lack of performance was occasioned by the movant's own action or inaction. *White,* 835 S.W.2d at 531.

■ Here, nothing in the record establishes whether appellant's failure to file an amended motion was the fault of counsel or of appellant. We accordingly remand for a determination of whether counsel complied with Rule 24.035(e). Upon remand, if the court determines that counsel's failure to file an amended motion was attributable to the movant's own action or inaction, movant is entitled to no relief other than that asked for in his or her *pro se* motion. *Luleff,* 807 S.W.2d at 498. If, however, failure to file an amended motion was due to the negligence or inattention of counsel, the court shall appoint new counsel and allow time to amend the *pro se* motion as permitted under Rule 24.035(f). *Id.*

We remand for an investigation on the record to determine whether appellant's counsel's failure to file an amended motion was attributable to counsel, or to appellant; and for any further action as prescribed herein.

REINHARD, P.J., and CRAHAN, J., concur.

---

1. According to appellant, counsel requested documents from the circuit court's clerk's office on October 2, 1993. She received a transcript of the June 11, 1993, sentencing hearing from the court reporter, but was advised that the November 5, 1992, plea hearing had been recorded by a previous court reporter. Counsel was allegedly unable to contact this reporter and obtain the plea transcript; hence the motion for a further extension of time.

2. Although the state concurs that the case should be remanded for a hearing to determine why appellant's counsel failed to file an amended motion, the state also stresses the hearing should be limited to this question only.

3. *Luleff* involved Rule 29.15(e), which is identical to Rule 24.035(e). The precepts outlined by the Supreme Court apply to motions made after trial or after a guilty plea. *White,* 835 S.W.2d at 531, n. 1.