STATE of Missouri, Plaintiff/Respondent,

v.

Michael E. MOORE,
Defendant/Appellant.

Michael E. MOORE, Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

No. 66835, 67527.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 14, 1995.

John M. Schilmoeller, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christine M. Kocot, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Presiding Judge.

Movant appeals the denial, without an evidentiary hearing, of his Rule 24.035 motion for post-conviction relief. We remand.

On January 21, 1993, movant pled guilty to two counts of first degree drug trafficking, § 195.222, RSMo Supp.1992. Pursuant to the plea agreement, the state made no sentence recommendation but dropped two counts of distribution of a controlled substance, § 195.211, RSMo Supp.1992, and all but one of several unrelated misdemeanor charges. The court sentenced movant to concurrent prison terms of twenty-five years on each count. Movant subsequently filed a *pro se* Rule 24.035 motion on April 22, 1993, and the court appointed post-conviction counsel and granted sixty days in which to amend the *pro se* motion. Post-conviction counsel filed a request for an evidentiary hearing on May 21, 1993, but did not amend the *pro se* motion. On July 26, 1993, movant filed a *pro se* amended motion, and the court granted post-conviction counsel leave to withdraw on October 12, 1993. On October 18, 1993, the court appointed new post-conviction counsel, and pursuant to the request of new counsel, the court considered the *pro se* amended motion as timely filed. On July 22, 1994, the motion court denied relief on movant's *pro se* and *pro se* amended motions without an evidentiary hearing and determined that mov-

ant's allegations were conclusory and refuted by the record.

On appeal, movant alleges the motion court erred in denying his motion because the court made no record of his post-conviction counsel's failure to amend his *pro se* motion. The state concedes this point.

 When an indigent files a *pro se* post-conviction motion, appointed counsel must "ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence." *Kay v. State,* 891 S.W.2d 896, 898 (Mo.App.E.D. 1995), quoting Rule 24.035(e). Where counsel fails to file an amended motion pursuant to Rule 24.035(e), the record must contain a determination explaining why counsel did not file the motion. *Kay,* 891 S.W.2d at 898.

Here, the record contains no determination by movant's post-conviction counsel that an amended motion was unwarranted nor any indication that the motion court inquired, *sua sponte,* into the performance of movant's post-conviction counsel. *See Spicuzza v. State,* 834 S.W.2d 881, 882 (Mo.App. E.D.1992). Thus, we must remand the cause to the motion court for an inquiry into whether appointed counsel ascertained whether sufficient facts were asserted in the *pro se* motion and whether movant included all grounds known to him. *See Luleff v. State,* 807 S.W.2d 495, 498 (Mo. banc 1991). If the court determines that counsel's failure to file an amended motion was attributable to the movant's own action or inaction, movant is entitled to no relief other than that asked for in his *pro se* motion. However, if the court finds that appointed counsel failed to file an amended motion due to his own negligence or inattention, then the court shall appoint new counsel and allow time, if necessary, to amend the *pro se* motion, and the cause shall proceed anew according to the provisions of the rule.

Because new post-conviction counsel may be appointed and the post-conviction motion amended to include additional facts, unrefuted by the record, entitling movant to an evidentiary hearing, we decline to address movant's remaining points of error.

Judgment remanded.

KAROHL, J., and RONNIE L. WHITE, Special Judge, concur.