Calvin BROWN, Movant/Appellant,

v.

STATE of Missouri, Respondent/Respondent.

No. 72926.

Missouri Court of Appeals, Eastern District, Division Two.

April 28, 1998.

Raymund J. Copelovitch, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Catherine B. Chatman, Asst. Atty. Gen., Jefferson City, for respondent.

JAMES R. DOWD, Judge.

Calvin Brown, movant, appeals from the judgment denying his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. We reverse and remand.

On February 24, 1995, movant pleaded guilty to one count of distribution of a controlled substance and one count of possession of a controlled substance. The trial court suspended imposition of sentence and placed movant on probation. On October 3, 1996, the court revoked movant's probation and sentenced him to concurrent terms of ten years for distribution and two years for possession.

On December 8, 1996, movant filed a timely *pro se* motion for post-conviction relief pursuant to Rule 24.035. Movant's public defender did not file an amended motion and instead filed a "Statement in Lieu of Amended Motion," which provided, *inter alia*, as follows:

6. That after reviewing the transcripts of movant's guilty plea, probation revocation, and sentencing hearings, counsel has determined an amended motion is not necessary to exhaust any potential relief for movant pursuant to Rule 24.035;

7. That counsel has made several attempts to contact movant by telephone to determine if there were additional facts outside the record which might warrant relief but none of the calls have been returned;

8. That pursuant to Rule 24.035(e), movant has been informed that he has a right to file a response to this Statement in Lieu of a 24.035 Amended Motion within ten (10) days of the filing date.

On May 27, 1997, without further inquiry, the motion court denied movant's motion without a hearing. Movant appeals.

In his sole point, movant contends the motion court erred in denying his motion without inquiring as to whether or not movant's post-conviction counsel abandoned him. Movant argues that counsel's "Statement in Lieu of Amended Motion" demonstrates a lack of communication between counsel and movant. In addition, neither the statement nor the record reveals whether counsel presented the statement to movant before filing as required by Rule 24.035(e).

Rule 24.035(e) states, in part:

Counsel shall ascertain whether sufficient facts supporting the claims are asserted in the motion and whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all claims known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and claims. If counsel determines that no amended motion shall be filed, counsel shall file a statement setting out facts demonstrating what actions were taken to ensure that (1) all facts supporting the claims are asserted in the pro se motion and (2) all claims known to the movant are alleged in the pro se motion. The statement shall be presented to the movant prior to filing. The movant may file a reply to the statement not later than ten days after the statement is filed.

Missouri courts hold that an appointed counsel's failure to comply with Rule 24.035(e) may constitute abandonment. *Luleff v. State*, 807 S.W.2d 495, 498 (Mo. banc

1991); *Sanders v. State*, 807 S.W.2d 493, 495 (Mo. banc 1991). Where the record fails to show that appointed counsel has made the necessary determinations as required by Rule 24.035(e), then the motion court has a duty to make its own inquiry into the performance of post-conviction counsel. *Luleff*, 807 S.W.2d at 498; *Sanders*, 807 S.W.2d at 495. Where the motion court has failed to conduct this inquiry, the appellate courts must remand for a determination of whether counsel abandoned movant. *See Moore v. State*, 934 S.W.2d 289, 291–92 (Mo. banc 1996); *Riley v. State*, 945 S.W.2d 21, 23–24 (Mo.App. E.D. 1997); *State v. Moore*, 910 S.W.2d 779, 780 (Mo.App. E.D.1995); *State v. Crawford*, 904 S.W.2d 402, 409 (Mo.App. E.D.1995).

In the case at hand, the record does not show that the motion court made an inquiry into the reasons for counsel's failure to communicate with movant or if the statement was presented to movant prior to its filing. The State concedes error, and we remand for an inquiry whether post-conviction counsel abandoned movant. As stated in *McDaris v. State*, 843 S.W.2d 369, 374 n. 1 (Mo. banc 1992), so long as a sufficient record is established, this inquiry "may be as formal or informal as the motion court deems necessary to resolve the question of abandonment by counsel, including, but not limited to, a written response and opportunity to reply, a telephone conference call, or a hearing." If the inquiry shows that counsel's failure to act is due to the movant's malfeasance or nonfeasance, then relief will be limited to that requested in the *pro se* motion. *Carter v. State*, 924 S.W.2d 580, 582 (Mo.App. E.D.1996). However, if the failure is due to counsel's own negligence or inattention, then the court shall appoint new counsel and allow time to amend the motion. *Moore*, 910 S.W.2d at 780.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

CRANE, P.J., and RHODES RUSSELL, J., concur.