**Martin A. SHIRLEY, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. 25397.**

Missouri Court of Appeals, Southern District, Division Two.

Oct. 16, 2003.

---

Nancy A. McKerro, Columbia, for appellant.

1. All rule references are to Supreme Court Rules (2002) unless otherwise stated.

Jeremiah W. (Jay) Nixon, Atty. Gen. and Charnette D. Douglas, Jefferson City, for respondents.

NANCY STEFFEN RAHMEYER, Chief Judge.

Martin Shirley ("Movant") appeals from the denial of his *pro se* motion for post-conviction relief in which he alleged, pursuant to Rule 24.035,[1] that he was denied effective assistance of counsel. On appeal, Movant argues that he was "abandoned" by post-conviction counsel when, contrary to his wishes, counsel filed a statement waiving the right to amend the Rule 24.035 motion. We affirm.

Movant was charged by felony information with first degree assault, in violation of section 565.050, and armed criminal action, in violation of 571.015.[2] Pursuant to a plea agreement in which the State dismissed the armed criminal action charge, Movant pled guilty and was sentenced to seven years in the Missouri Department of Corrections. Subsequent to his entry of a guilty plea, Movant filed a *pro se* motion for post-conviction relief, pursuant to Rule 24.035. The motion court then appointed post-conviction counsel to represent Movant.

After investigating Movant's claims, post-conviction counsel determined that all viable claims had been included in Movant's *pro se* Rule 24.035 motion, and counsel accordingly filed a statement waiving the right to amend the motion. Consistent with the strictures of Rule 24.035(e), Movant then timely filed a response to counsel's waiver of an amended motion. Following an evidentiary hearing, the motion court denied the Rule 24.035 motion, and Movant now appeals.

2. All references to statutes are to RSMo 2000, unless otherwise indicated.

■ When reviewing the denial of a Rule 24.035 motion, this court's review is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); *Moss v. State,* 10 S.W.3d 508, 511 (Mo. banc 2000). The findings of the moving court are presumptively valid. *Wilson v. State,* 813 S.W.2d 833, 835 (Mo. banc 1991). Thus, the clearly erroneous standard is satisfied only if a review of the entire record leaves the reviewing court " 'with the definite impression that a mistake has been made.' " *Hall v. State,* 16 S.W.3d 582, 585 (Mo. banc 2000)(quoting *State v. Clay,* 975 S.W.2d 121, 140 (Mo. banc 1998)).

■ At the outset, we note that it is a well-settled tenet of Missouri law that claims of ineffective assistance of post-conviction counsel are "categorically unreviewable." *State v. Owsley,* 959 S.W.2d 789, 799 (Mo. banc 1997); *Waserman v. State,* 100 S.W.3d 854, 862 (Mo.App. S.D. 2003). However, "an exception to this rule applies where the record shows that a movant has been abandoned by his post-conviction counsel." *Morgan v. State,* 8 S.W.3d 151, 153 (Mo.App. S.D.1999). "Abandonment" refers to conduct by post-conviction counsel "that is tantamount to 'a total default in carrying out the obligations imposed upon appointed counsel' under the rules." *Russell v. State,* 39 S.W.3d 52, 54 (Mo.App. E.D.2001). The Missouri Supreme Court has recognized claims of "abandonment" in only three situations: (1) where counsel failed to file an amended motion or otherwise take action on Movant's behalf, *Luleff v. State,* 807 S.W.2d 495, 498 (Mo. banc 1991); (2) where counsel determined that there was a sound basis for amending the *pro se* motion, but failed to do so in a timely manner, *Sanders v. State,* 807 S.W.2d 493, 495 (Mo. banc 1991); and (3) where counsel filed a motion so patently defective that it amounted to a "nullity." *State v. Bradley,* 811 S.W.2d 379, 382 (Mo. banc 1991).

Movant argues that the facts of his case present an additional type of abandonment, "where appointed counsel determines that there are no meritorious issues and files a waiver of an amended motion without first getting the client's permission or input and without doing the necessary investigation which would make that determination reasonable." In support of his argument, Movant cites the companion cases of *Moore v. State and Carr v. State,* consolidated at 934 S.W.2d 289 (Mo. banc 1996). *Moore* and *Carr,* however, do not establish a fourth type of abandonment; rather, they represent the *Luleff* situation in which a movant is abandoned by post-conviction counsel's failure to act on his behalf. *See Moore,* 934 S.W.2d at 292.

As with Movant's case, both *Moore* and *Carr* involved criminal defendants who pled guilty, subsequently filed *pro se* Rule 24.035 motions, and were then appointed post-conviction counsel who, rather than amending their *pro se* motions, filed statements waiving the right to amend. *Id.* at 290. However, the similarities between *Moore* and *Carr* end there. In *Moore's* case, the Missouri Supreme Court looked to the particulars of counsel's statement and determined that there was no evidence to support his claim of abandonment. Specifically, the Court noted that:

> Post-conviction counsel filed a *timely* affidavit with the motion court indicating that he had reviewed the record, had inquired of movant regarding the existence of additional claims or facts relating to the post-conviction motion, had explained to movant his rights under Rule 24.035 and determined that Moore's *pro se* motion "includes all colorable post-conviction claims known to movant or counsel."

*Id.* In light of the fact that, in accordance with Rule 24.035(e), counsel's statement "declared complete familiarity with the record and announced a reasoned decision that counsel would not file an amended motion," the Court found that there was "simply nothing in the record to support a claim that postconviction counsel abandoned Moore." *Id.* at 292.

In contrast, stands *Carr,* where counsel filed a statement declaring that "he had reviewed the file 'with the *exclusion* of the transcripts of the guilty plea hearing … and movant's pro se motion[.]' " *Id.* at 290. (emphasis added). Considering that Rule 24.035(e) requires counsel to "ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence," *Moore,* 934 S.W.2d at 292, the Court found that the *Carr* statement "shows *on its face* that counsel took neither of the two actions required by Rule 24.035(e)." *Id.* Thus, according to the Court, counsel's statement was, on its face, "tantamount to a confession of abandonment." *Id.*

In Movant's case, the record indicates that, consistent with the mandates of Rule 24.035(e), post-conviction counsel fully investigated Movant's case before determining that all relevant facts and all colorable claims had been included in Movant's *pro se* petition. Counsel then filed a statement in which she detailed the investigatory steps that she had taken, and ultimately waived the right to file an amended motion. Specifically, in her statement counsel declared that she had discussed the case with Movant by telephone and had reviewed "the underlying guilty plea and sentencing transcript, relevant court documents from movant's criminal case, the files maintained by movant's former attorney including discovery from the underlying criminal case, and the pro se motion filed by movant in the post-conviction case." Thus, the statement filed by post-conviction counsel is much more like the complete and well-reasoned statement filed in *Moore* (where no abandonment was found), than it is like the incomplete and facially-deficient statement filed in *Carr* (where abandonment was found).[3]

Furthermore, in accordance with Rule 24.035(e), Movant was informed of counsel's decision and provided with a copy of her statement, as is evident by the fact that Movant was able to timely file a reply statement within the prescribed ten-day period. In light of these facts, it is clear that counsel did not shirk her duty to represent Movant's interests while observing the requirements of Rule 24.035(e).

---

**3.** Similarly, Movant also cites *Brown v. State,* 968 S.W.2d 725 (Mo.App. E.D.1998) in support of his abandonment claim. Like the *Carr* case, however, *Brown* is factually distinguishable from Movant's case. In *Brown,* post-conviction counsel declined to amend the *pro se* motion, and instead filed a statement evincing this intent pursuant to Rule 24.035(e). *Id.* at 726. In the statement, counsel admitted that he had been unable to contact his client despite repeated attempts to do so. *Id.* Additionally, the statement was silent as to whether the statement was presented to the client prior to filing as required by Rule 24.035(e). *Id.* In light of these two shortcomings, the court found that the record was insufficient to show whether counsel had made the necessary Rule 24.035(e) determinations, and the case was reversed and remanded for an independent inquiry into the abandonment issue. *Id.* at 727.

By way of contrast, the statement in Movant's case clearly states that counsel decided not to amend the motion after, *inter alia,* discussing the case with Movant via phone. Furthermore, the statement indicates that Movant was informed of counsel's decision to waive the right to amend, and presented with a copy of the statement. Consequently, Movant's reliance on *Brown* is misplaced.

Consequently, Movant was not abandoned by post-conviction counsel.

The judgment of the motion court is affirmed.

PARRISH, J., and SHRUM, J., concur.