**Richard CARROLL, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

No. 25713.

Missouri Court of Appeals,
Southern District,
Division Two.

April 27, 2004.

Amy M. Bartholow, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Lisa M. Eaton, Office Of The Attorney General, Jefferson City, MO, for Respondent.

KENNETH W. SHRUM, Judge.

Richard Carroll ("Movant") appeals the denial (without an evidentiary hearing) of his Rule 24.035 motion for post-conviction relief.[1] Movant maintains that without an evidentiary hearing, there were no facts from which the court could determine if "appointed counsel had complied with Rule 24.035(e), or had instead abandoned [Movant]." With that as his premise, Movant urges reversal and remand for an evidentiary hearing. This court affirms the judgment of the motion court.

■ Appellate review of the denial of a Rule 24.035 motion is limited to determining if the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k); *Self v. State*, 14 S.W.3d 223, 224 (Mo.App.2000). They will be considered clearly erroneous only if, after review of the entire record, the appellate court is left with a definite and firm impression that a mistake has been made. *State v. Roll*, 942 S.W.2d 370, 375[11] (Mo. banc 1997).

Movant pled guilty to first-degree robbery and second-degree burglary, was sentenced to concurrent terms of twenty-five years and seven years for those crimes, and was incarcerated in Missouri's department of corrections. Thereon, he filed a timely motion for post-conviction relief under Rule 24.035.

Movant's pro se motion contained two claims: (a) his sentences exceeded the maximum allowed by statute, and (b) his guilty pleas were involuntary.[2] To support his "involuntary plea" claim, Movant alleged his criminal trial lawyer never spoke to him before the date Movant pled guilty.[3]

---

1. All rule references are to Supreme Court Rules (2003), unless otherwise indicated.

2. Movant's "involuntary plea" allegation is the only issue on appeal.

3. Movant pled guilty on the date that his consolidated cases were scheduled for trial. Even so, the record reflects some guilty plea negotiations had taken place before the trial date. This is found in the fact that one of the written plea agreements signed by Movant was dated before the trial date. The other plea agreement was undated.

Once Movant filed his pro se motion, the motion court appointed counsel for him pursuant to Rule 24.035(e). The appointed counsel never filed an amended Rule 24.035 motion, but opted instead to file a "Statement In Lieu Of Amended Motion Under Rule 24.035." The statement recited:

"In the preparation of Movant's postconviction relief case, counsel has discussed this case with Movant over the telephone and has reviewed the following: the underlying guilty plea and sentencing transcript, relevant court documents from Movant's criminal cases, the files maintained by Movant's former attorney including discovery from the underlying criminal cases, and the pro se motion filed by Movant in the postconviction case. Based on this review, counsel has determined that she will not file an amended motion in the above-captioned matter in that no potentially meritorious claims known to counsel, or facts in support thereof, have been omitted from the pro se motion filed therein."

Ultimately, the motion court ruled Movant's claims adversely to him without holding an evidentiary hearing and denied Movant's request for relief. This appeal followed.

Movant's argument for reversal and remand starts with the assertion that his appointed lawyer abandoned him when, without adequate investigation, she filed an allegedly non-compliant Rule 24.035(e) "statement in lieu of amended motion," rather than amend his pro se motion and request an evidentiary hearing. With that as his premise, Movant charges the motion court erred when it did not *sua sponte* hold an evidentiary hearing "to determine whether appointed counsel had complied with Rule 24.035(e), or had instead abandoned" Movant.

■ Since there is no constitutional right to counsel in a post-conviction proceeding, it follows that a post-conviction movant has no constitutionally guaranteed right to effective representation by counsel in such a proceeding. *Barnett v. State*, 103 S.W.3d 765, 773[19] (Mo.banc 2003), *cert. denied*, —— U.S. ——, 124 S.Ct. 172, 157 L.Ed.2d 114. Instead, the rights of a post-conviction movant to an attorney are those found in Rule 29.15(e), Rule 24.035(e), *Luleff v. State*, 807 S.W.2d 495 (Mo.banc 1991), and *Sanders v. State*, 807 S.W.2d 493 (Mo.banc 1991). In that regard, Rule 24.035(e) provides, *inter alia,* that

"When an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant. Counsel shall ascertain whether sufficient facts supporting the claims are asserted in the motion and whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all claims known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and claims."

In *Luleff,* the Supreme Court of Missouri held that appointed counsel's failure to fulfill duties imposed on him by Rule 29.15(e) could constitute abandonment and may entitle movant to appointment of new counsel with an extension of time to file an amended motion.[4] 807 S.W.2d at 498.

4. "Rule 29.15(e), based on a conviction following trial, is the counterpart of Rule 24.035(e), based on conviction following a guilty plea." *Thurlo v. State,* 841 S.W.2d 770, 772 (Mo.App.1992). Because these rules are essentially identical and impose the same duties on appointed counsel, a claim of counsel abandonment by a Rule 24.035 movant is also governed by *Luleff,* 807 S.W.2d at 497,

The *Luleff* court discussed two factors related to abandonment: (1) no activity on movant's behalf by post-conviction counsel; and (2) absence of a record that showed whether appointed counsel made the determinations required by Rule 29.15(e). 807 S.W.2d at 498. *See State v. DeJournett,* 868 S.W.2d 527, 536 (Mo.App.1993).[5]

After *Luleff* and *Sanders* were decided, Rule 24.035(e) was amended in 1995. The amendment included this provision:

"If counsel determines that no amended motion shall be filed, counsel shall file a statement setting out facts and demonstrating what actions were taken to ensure that (1) all facts supporting the claims are asserted in the pro se motion and (2) all claims known to the movant are alleged in the pro se motion."

■■ The rule confirms that when appointed counsel investigates and concludes that filing an amended motion is unwarranted for the reasons given in Rule 24.035(e), he or she may prepare a statement to that effect and make it a part of the record. When a statement thus prepared and filed meets the Rule 24.035(e) criteria, it overcomes the presumption of abandonment that otherwise attends when a pro se motion is not amended. *See Luleff,* 807 S.W.2d at 498. Moreover, when such a report is filed the motion court need not make a *sua sponte* inquiry regarding movant's and counsel's performances or hold a hearing on that subject, unless the statement facially establishes that counsel did not conform to the requirements of Rule 24.035(e). *Moore v. State,* 934 S.W.2d 289, 292 (Mo.banc 1996); *Morgan v. State,* 8 S.W.3d 151, 152[10] (Mo.App.1999).

Here, counsel's "Statement In Lieu Of Filing An Amended Motion" refuted Movant's claim of inadequate investigation by post-conviction counsel, and it provided a record that showed counsel made the determinations required by Rule 24.035(e). Specifically, the statement recited that counsel had "discussed this case with Movant," reviewed "the underlying guilty plea and sentencing transcript," reviewed "relevant court documents from Movant's criminal cases," reviewed files kept by "Movant's former attorney including discovery from the underlying criminal cases," and reviewed Movant's pro se motion. From this review, counsel decided not to file an amended motion as "no potentially meritorious claims known to counsel, or facts in support thereof, have been omitted from the pro se motion filed herein." Although some language in the "Statement" may not be artful, it is substantively the same as that of the affidavits that were adequate to show compliance with Rule 24.035(e) in *Shirley v. State,* 117 S.W.3d 187, 190 (Mo.App.2003), and adequate to satisfy *Luleff* requirements in *Thurlo,* 841 S.W.2d at 771–72.

In so concluding, we do not ignore cases upon which Movant relies, namely *Moore,* 934 S.W.2d 289 and *Brown v. State,* 968 S.W.2d 725 (Mo.App.1998). The *Moore* opinion dealt with two cases. One movant (Carr) prevailed on appeal. Carr won reversal and remand because the "statement in lieu" filed in his case "was tantamount to a confession of abandonment." 934 S.W.2d at 292. That finding stemmed from counsel's recital that he "reviewed the file 'with the *exclusion* of the transcripts of the guilty plea hearing, the sen-

and *Sanders,* 807 S.W.2d 493, and their progeny.

**5.** The *Sanders* case dealt with a type of "abandonment" not at issue here, namely, where appointed counsel determined that there was a sound basis for amending the *pro se* motion, but failed to do so in a timely manner. *Sanders,* 807 S.W.2d at 494–95.

tencing hearing …, and movant's pro se motion….'" *Id.* at 290. Here, the statement does not facially show noncompliance with Rule 24.035 as was the case in *Moore.* Simply stated, the Carr reversal reported in *Moore* does not support reversal here.

Likewise, the *Brown* case is also factually distinguishable. The "statement in lieu" filed in *Brown* recited that counsel had "made several attempts to contact movant by telephone to determine if there were additional facts outside the record which might warrant relief but none of the calls [had] been returned." *Brown,* 968 S.W.2d at 726. Obviously, those are not the facts of this case; consequently, *Brown* is inapposite.

Finally, we have not ignored Movant's argument regarding the last sentence in counsel's statement, i.e., "that no potentially meritorious claims known to counsel, *or facts in support thereof,* have been *omitted* from the pro se motion filed herein." (Emphasis supplied.) Movant asserts this part of the statement only fulfills one part of Rule 24.035, namely, that all potential claims have been asserted. He argues that the statement failed to demonstrate that counsel ensured all facts that supported the pleaded claims had been included in the *pro se* motion. This is a strained and unreasonable interpretation of counsel's statement. The only reasonable interpretation of counsel's statement is that, after thorough investigation, he found no facts that would support either Movant's involuntary plea allegation, or any other potentially meritorious claim.

The record here shows that the standards set forth in *Luleff* and the requirements of Rule 24.035(e) were met. Since the motion court implicitly found that appointed counsel complied with Rule 24.035(e), and since that determination was supported by an adequate record, the motion court was not required to make further "independent" or *sua sponte* inquiry into the matter. *Moore,* 934 S.W.2d at 292; *Morgan,* 8 S.W.3d at 152; *DeJournett,* 868 S.W.2d at 537. Movant's argument to the contrary is rejected. Point denied.

The judgment of the motion court is affirmed.

PARRISH, J., and BATES, J., Concur.