**Ricky E. DEAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SD 29956.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 25, 2010.

**WILLIAM W. FRANCIS, JR., Judge.**

This appeal comes to this Court on Ricky E. Dean's (Movant) motion for post-conviction relief asserting that his guilty plea was not intelligently and voluntarily entered for the reason that he received ineffective assistance of counsel. The motion court entered an order denying the relief requested by Movant. Movant does not ask us to review the merits of his motion, but asks us to determine whether he was abandoned by post-conviction counsel. We affirm the motion court.

### Factual and Procedural History

On June 17, 2004, Movant was charged by felony information with three counts in Greene County, Missouri: Count I, assault of a law enforcement officer in the first degree pursuant to section 565.081.1;[1] Count II, armed criminal action pursuant to section 571.015; and Count III, resisting an arrest pursuant to section 575.150.

Movant was represented by Dean Price. On September 27, 2005, Movant and the State reached a plea agreement. The State filed an amended information that charged Movant with two counts: Count I, assault of a law enforcement officer in the second degree pursuant to section 565.082; and Count II, resisting an arrest pursuant to section 575.150. Movant entered a plea of guilty to those two counts. On May 1, 2006, Movant received sentences of 15 years on Count I, and 4 years on Count II; the sentences were ordered to run concurrent with each other.

On July 11, 2006, Movant, self represented, filed a motion to vacate, set aside or correct the judgment or sentence pursuant to Rule 24.035.[2] Movant's motion al-

Craig A. Johnston, Columbia, for Appellant.

Chris Koster, Atty. Gen. and James B. Farnsworth, Jefferson City, for Respondent.

---

1. All references to statutes are to RSMo 2000, unless otherwise indicated.

2. All rule references are to Missouri Court Rules (2010).

leged that "[t]he prosecutor provided the Sentencing Court with inaccurate information in regards to Movant's background history," and "[c]ounsel misled and confused Movant in exchange for a guilty plea."

On September 26, 2006, the motion court appointed counsel for Movant, and on October 16, 2006, Cinda Eichler filed an entry of appearance on Movant's behalf. On April 18, 2007, Eichler declined to file an amended motion and instead filed a statement pursuant to Rule 24.035(e):

> *In the preparation of Movant's postconviction relief case, counsel has discussed this case with Movant over the telephone and has reviewed the following: the underlying guilty plea and sentencing transcript, relevant court documents from Movant's criminal case, the files maintained by Movant's former attorney including discovery from the underlying criminal case, and the pro se motion filed by Movant in the postconviction case. Based on this review, counsel has determined that she will not file an amended motion in the above-captioned matter in that there are no potentially meritorious claims known to counsel, or facts in support thereof, that have been omitted from Movant's pro se motion.*

On April 23, 2007, Movant filed a handwritten reply to Eichler's statement, pursuant to Rule 24.035(e). Movant's reply contained a narrative, which alleged that Eichler failed to properly investigate his case. Specifically, Movant alleged that Eichler failed to obtain "mitigating information," complained that Eichler only consulted with him one time, alleged that Eichler was misinformed regarding a police recording, and complained that Eichler failed to obtain certain video recordings from law enforcement.

On August 4, 2008, Movant filed an amended motion on his own. Movant's amended motion alleged that he was abandoned by Eichler because she "did nothing in furtherance of movant's pro se motion for post-conviction relief. . . ." Movant's amended motion also included three "new" claims: (1) plea counsel misrepresented to Movant that he would receive 120 day shock probation, (2) plea counsel failed to fully and adequately investigate and prepare Movant's defense, and (3) plea counsel was ineffective for allowing the prosecutor to give false information regarding Movant's criminal history at Movant's sentencing hearing.

On February 11, 2009, the motion court held an evidentiary hearing regarding Movant's motion. Movant was represented by Eichler. The motion court heard testimony from both Movant and Price regarding Movant's decision to plead guilty. On June 24, 2009, the motion court issued an order denying Movant's Rule 24.035 motion.

Movant's sole point relied on alleges that the motion court erred because it failed to hold a hearing to determine whether Movant had been abandoned by his court-appointed post conviction counsel. Movant had filed a motion pursuant to Rule 24.035. The motion court appointed counsel. Appointed counsel opted to file a statement pursuant to section 24.035(e) instead of filing a motion amending Movant's motion. Movant claims that he is prejudiced because, contrary to Eichler's statement, his original motion did not contain meritorious claims. He asserts this is supported by the fact that he filed "new" claims in the amended motion that he subsequently filed on his own.

### Standard of Review

■ Our review of the motion court's disposition of a motion filed pursuant to

Rule 24.035, is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k). "The motion court's findings and conclusions are clearly erroneous only if, after reviewing the entire record, the appellate court is left with the definite and firm impression a mistake has been made." *State v. Nunley*, 980 S.W.2d 290, 291–92 (Mo. banc 1998).

### Analysis

Rule 24.035(e) is set out below.

When an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant. Counsel shall ascertain whether sufficient facts supporting the claims are asserted in the motion and whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all claims known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and claims. If counsel determines that no amended motion shall be filed, counsel shall file a statement setting out facts demonstrating what actions were taken to ensure that (1) all facts supporting the claims are asserted in the pro se motion and (2) all claims known to the movant are alleged in the pro se motion. The statement shall be presented to the movant prior to filing. The movant may file a reply to the statement not later than ten days after the statement is filed.

■ Generally, "[t]here is no constitutional right to counsel in a post conviction proceeding"; therefore, "[c]laims of ineffective assistance of post-conviction counsel are categorically unreviewable." *State v. Hunter*, 840 S.W.2d 850, 871 (Mo. banc 1992) (internal citation omitted). However-

er, claims of ineffective assistance of counsel directed towards post-conviction counsel are reviewable to the extent that a movant alleges that he was been abandoned in the legal sense of the word. *Shirley v. State*, 117 S.W.3d 187, 189 (Mo. App. S.D.2003). Our Supreme Court has recently described three scenarios where abandonment may be found: (1) when the record reflects that a movant has been denied meaningful review because counsel took no action regarding the filing of an amended motion; (2) when counsel does not file a timely amended motion when he is aware of the need to do so; and (3) when "counsel overtly acts in a way that prevents the movant's timely filing of a postconviction motion...." *Gehrke v. State*, 280 S.W.3d 54, 57 (Mo. banc 2009).

■ There is no allegation that post-conviction counsel failed to file a timely amended motion or overtly acted to prevent Movant from filing a timely post-conviction motion. Thus, the first category—that Movant's counsel took no action regarding the filing of an amended motion—is the only category left under which to evaluate Movant's claim of abandonment. This category of claims is based on our Supreme Court's decision in *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991). *Luleff* stands for the proposition that if post-conviction counsel determines there is no legal need to file an amended motion "counsel should make that determination a part of the record"; otherwise, the court must presume that counsel has abandoned movant if the record is so lacking. *Id.* at 498.

We must, therefore, determine if Eichler properly made her decision not to file an amended motion part of the record. We find two cases addressing similar abandonment claims dispositive in this case: *Shirley v. State*, 117 S.W.3d 187 (Mo.App. S.D. 2003) and *Waserman v. State*, 100 S.W.3d

854 (Mo.App. S.D.2003). The movant in *Shirley* "argue[d] that he was 'abandoned' by post-conviction counsel when, contrary to his wishes, counsel filed a statement waiving the right to amend the Rule 24.035 motion." *Shirley*, 117 S.W.3d at 188. Specifically, he argued that abandonment should be recognized " 'where appointed counsel determines that there are no meritorious issues and files a waiver of an amended motion without first getting the client's permission or input and without doing the necessary investigation which would make that determination reasonable." *Id.* at 189. The Court in *Shirley* stated that the record indicated, via counsel's statement pursuant to Rule 24.035(e), that movant's counsel had fully investigated movant's case because counsel had a telephone discussion with movant regarding his case, and "reviewed 'the underlying guilty plea and sentencing transcript, relevant court documents from movant's criminal case, the files maintained by movant's former attorney including discovery from the underlying criminal case, and the pro se motion filed by movant in the post-conviction case.' " *Id.* at 190. The Court noted that movant filed a timely reply statement. *Id.* The Court held that, in light of the record, movant was not abandoned. *Id.* at 191.

In *Waserman*, post-conviction counsel also filed a statement instead of filing an amended motion. *Waserman*, 100 S.W.3d at 862. The statement included representations that post-conviction counsel "reviewed the court file, transcripts, plea counsel's files, and documentation from Movant and determined Movant's *pro se* motion contained all claims and pertinent facts known to him." *Id.* The movant in *Waserman* claimed that he was abandoned by his post-conviction counsel because she failed to file an amended motion that contained two meritorious claims that were left out of his *pro se* motion. *Id.* The

Court found that the movant was not abandoned for two reasons: (1) "[post-conviction counsel] made a part of the record his determination that no amended motion was required, via his statement in lieu of amended motion," and (2) "[post-conviction counsel] participated in an evidentiary hearing on Movant's motion...." *Id.* at 863. The Court further stated that its review was limited to "the narrow construction of the concept of abandonment ..." and stated that "[t]o the extent [Movant] complains of counsel's failure to file an amended motion with claims supplemental to those included in his *pro se* motion, Movant's third point is founded on a claim of ineffective assistance of post-conviction counsel and is not reviewable in this [C]ourt." *Id.*

Here, Eichler filed a statement pursuant to Rule 24.035(e), in which she announced her decision that an amended motion was not required because Movant's *pro se* motion did not omit any meritorious claims. The statement also indicated that her decision was based on a telephone interview with Movant and her review of *"the underlying guilty plea and sentencing transcript, relevant court documents from Movant's criminal case, the files maintained by Movant's former attorney including discovery from the underlying criminal case, and the pro se motion filed by Movant in the postconviction case."* Eichler's statement is similar to the statements made in *Shirley* and *Waserman*, which were found to create a proper record regarding counsel's decision not to file an amended motion to show that Movant was not abandoned. Also, like in *Waserman*, Eichler participated in an evidentiary hearing on Movant's motion. Therefore, Eichler's statement satisfied the in-the-record determination required by *Luleff.*

Unlike *Shirley* and *Waserman,* Movant's point relied on contained the additional claim that by filing a reply as permitted by Rule 24.035(e) the motion court was required to hold a hearing to determine whether counsel's decision not to file an amended motion constituted abandonment. Movant, in his brief, "suggests that the reply must trigger some duty upon the motion court otherwise the reply is rendered meaningless." Movant appears to rely on *Brown v. State,* 968 S.W.2d 725 (Mo.App. E.D.1998), as the source of this argument: "Where the record fails to show that appointed counsel has made the necessary determinations as required by Rule 24.035(e), then the motion court has a duty to make its own inquiry into the performance of post-conviction counsel." *Id.* at 727. However, this quotation from *Brown* is based on the standard announced in *Luleff.* As discussed above, the contents of Eichler's statement in this case satisfied her duty to make a proper record regarding her decision not to file an amended motion. Although Movant suggests that the motion court was compelled to review Movant's *pro se* motion, that argument is incorrect. Eichler's statement, and Movant's reply to that statement, point us to *Waserman* which makes clear that review of whether Eichler should have filed an amended motion with supplemental claims is beyond the scope of the analysis on the issue of abandonment and constitutes an unreviewable post-conviction ineffective assistance of counsel claim.

The judgment of the motion court is affirmed.

SCOTT, C.J., and RAHMEYER, J., Concur.